## HUGHES VS. WHEAT.

1. *Appeal from Justice of the Peace.*

The failure of the appellant, on appeal from a justice of the peace to the Circuit Court, to file a supersedeas bond, or of the clerk of the Circuit Court to mark the transcript sent up by the justice filed, is no ground for the dismissal of the appeal.

2. ——————: *Failure to file transcript in time.*

When the justice fails to file the transcript and papers in the clerk's office on or before the first day of the term, and no showing is made why they were not filed in time, it is in the discretion of the Circuit Court to dismiss the appeal.

APPEAL from *Jefferson* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*Wise,* for appellant.

ENGLISH, CH. J.:

A. J. Wheat sued W. P. Hughes before a justice of the peace of Jefferson County on an open account for $40.

The cause was tried (on change of venue) before Justice Benjamin F. Fall on the 20th December, 1875; a set off for $10 was allowed defendant, and judgment rendered in favor of plaintiff for $30.

On the 24th of December, 1875, the defendant prayed an appeal to the Circuit Court, and, upon filing an affidavit, and executing a stay bond, the appeal was granted.

Hughes vs. Wheat.

The stay bond appears to have been approved by the justice on the day of the granting of the appeal, but was not marked filed by him.

The term of the Circuit Court next after the appeal commenced, it appears, on the 8th of May, 1876.

At what time the justice filed his transcript, and the original papers of the case, in the clerk's office, does not appear, as the clerk seems not to have marked them filed.

It appears, however, that the cause was placed on the docket as early as the 25th of May, 1876, seventeen days after the commencement of the term, for, on that day, the court made an order continuing it.

On the next day, on the motion of the plaintiff, the order of continuance was set aside; and, on the 31st of May, 1876, he filed a motion to dismiss the appeal on the following grounds:

"*First*—The papers in this case were not filed on or before the first day of this term of this court as required by law.

"*Second*—There have been no papers filed in this case in this court.

"*Third*—There has been no perfect bond filed, or attempted to be filed, in this case in the court below or in this court."

On the 9th of June, same term, a rule was made upon Justice Fall, commanding him to transmit, at once, a complete transcript of all docket entries shown on his docket in the case, if he had not already done so, and to report the facts in regard to the case.

On the same day the justice made the following response to the rule:

"To his honor, etc. Your orator says that having carefully examined the transcript of proceedings herein, he cannot find any change or amendment necessary to be made in order to conform to the truth as to the proceedings had, except the transcript

fails to show that the appeal bond was approved and filed as required by law. Your orator asks that the appeal bond be admitted to the files approved *nunc pro tunc.*"

On the next day the motion to dismiss was heard, and the court sustained the motion, and dismissed the appeal.

Defendant filed a motion to set aside the order of dismissal on the grounds:

"*First*—That he filed an affidavit and appeal bond before the justice, etc.

"*Second*—He had a good defense to the action.

"*Third*—It was not his fault that the papers were not filed in the office of the clerk on or before the first day of the term."

The court overruled the motion, and defendant appealed to this court. No bill of exceptions.

We cannot suppose that the court below dismissed the appeal because of the failure of the justice to mark the stay bond filed. A docket entry made by the justice, and copied in his transcript, shows that the bond was entered into by appellant and his sureties before the appeal was granted, and the justice wrote upon the bond: "Approved, December 24, '75" (the date of the appeal), and signed it officially. Had the bond been essential to the appeal, the court could, and no doubt would, if deemed necessary, have ordered the justice to amend by marking the bond filed as of the day on which it was approved by the justice, which was suggested by him in his response to the rule. But the appellant had the right to appeal from the judgment of the justice without giving any bond, the object of the bond being merely to stay execution of the judgment pending the appeal, and this no doubt the court below knew, being plainly so provided by the statute. Gantt's Digest, sec. 3822.

Nor can we suppose that the court below dismissed the appeal because of the failure of the clerk to mark filed the transcript,

and papers in the case returned to his office by the justice. No doubt if appellant had so moved, the court would have directed the clerk to cure such omission, by endorsing the transcript and papers filed as of the day on which they were in fact lodged in his office by the justice. But no such motion appears to have been made by appellant.

The court doubtless dismissed the appeal because the transcript and papers were not filed in the office of the clerk on or before the first day of the next term of the court after the appeal was taken, as required by the statute (Gantt's Dig., 3825), and no showing was made by appellant why that was not done.

True, the statute makes it the duty of the justice to file the transcript, etc., in the clerk's office within the time prescribed, but it is incumbent on the appellant to see that this is done—he must prosecute his appeal. *Smith et al.* v. *Allen,* 31 Ark., 268.; *McGehee* v *Carroll & Jones,* Ib., 550.

The justice failing to file the transcript and papers on or before the first day of the term, appellant had the right, after the expiration of the first day, to compel him to make his return by rule and attachment. But no application appears to have been made to the court, by appellant, for such rule, etc., see Gantt's Dig., sec. 3829.

There is no showing in the record before us that the transcript of the justice and papers were filed in the clerk's office earlier than the 25th of May, which was the 17th day of the term, and the day on which the first order was made in the cause above stated.

It affirmatively appears from the record before us that the transcript of the justice could not have been filed in the clerk's office earlier than the 15th of May, because his certificate of authentication attached to the transcript bears that date.

Hughes vs. Wheat.

The justice was before the court upon a rule relating to the filing of the appeal bond, and appellant had an opportunity of causing him to make a showing why he had not made his return within the time prescribed by the statute; but he seems to have required him to make no excuse for his delinquency, and to have made none himself.

In his motion to set aside the order of dismissal (not sworn to) he states that he had a good defense to the action, but does not state what the defense was. He also states that it was not his fault that the papers were not filed in the office of the clerk on or before the first day of the term, but does not state whose fault it was.

When the motion to dismiss was made, and before it was heard, the appellant should have made some showing why the transcript and papers were not filed in the clerk's office within the time prescribed by the statute, and brought such showing on to the record, by bill of exceptions, if held by the court insufficient, and the appeal dismissed, and then this court could pass upon the sufficiency of the showing.

But in the absence of any showing whatever, we cannot say that the court below abused its discretion in dismissing the appeal because the transcript, etc., was not filed within the time prescribed by the statute. To do so would be to disregard the statute.

If a transcript is filed here out of time, and without a showing, we dismiss the appeal.

Such statutes may be directory, but they are not to be disregarded.

Affirmed.