## BATES *v.* MITCHELL.

### Opinion delivered November 28, 1910.

1. APPEAL FROM JUSTICE OF THE PEACE—DELAY IN PERFECTING.—Where a party appeals from a judgment of a justice of the peace, but neglects to file the transcript in the circuit court on or before the first day of the next term, in the absence of any showing of diligence on his part or excuse for delay, the appeal should be dismissed or the judgment affirmed. (Page 556.)

2. SAME—APPEARANCE AS WAIVER OF DELAY.—Where the plaintiff prayed an appeal from a judgment of a justice of the peace, but delayed filing his transcript in the circuit court until after the first day of the next term, defendant did not waive such delay by filing a motion to dismiss the appeal on that ground. (Page 556.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

· *Rice & Dickson* and *J. A. Rice,* for appellant.

*McGill & Lindsey,* for appellee.

McCULLOCH, C. J. Bates sued Mitchell on account before a justice of the peace, and recovered judgment for the amount of his account. The judgment was rendered on November 20, 1909, and Bates on the same day filed his affidavit for appeal to the circuit court. The next term of the circuit court began on March 21, 1910, and the transcript of the proceedings was not filed therein until April 12, 1910. On the next day Mitchell filed a motion to dismiss the appeal on account of the failure to file the transcript on the first day of the term as required by statute, and on the same day Bates filed a motion to transfer the case to the chancery court, alleging that a case was then pending in that court between the same parties involving the

account sued on. The only testimony adduced at the hearing of the motion to dismiss the appeal was that of the justice of the peace, who testified that when the affidavit for appeal was filed the defendant's attorney stated that he "wanted to appeal," but did not ask for the transcript until April 11, 1910, the day before it was filed in the circuit court. The court overruled the motion to transfer to equity, and dismissed the appeal. Bates appeals from that order.

It was the duty of appellant to see that his appeal was perfected in time; and when no diligence on his part was shown, nor excuse for the delay, the appeal should have been dismissed, or the judgment of the justice of the peace affirmed. *Smith v. Allen*, 31 Ark. 268; *McGehee v. Carroll,* 31 Ark. 550; *Hughes v. Wheat,* 32 Ark. 292; *Wilson v. Stark,* 48 Ark. 73. No excuse for the delay is shown in the present case.

There was no general appearance by appellee, so as to waive the delay in perfecting the appeal. The motion to transfer to equity and the motion to dismiss the appeal were filed on the same day, and were heard together by the court. Appellee insisted on his motion to dismiss, and at the same time resisted the motion to transfer. This was not a general appearance nor an abandonment of his motion.

Judgment affirmed.