GRAVES *v.* BODCAW LUMBER COMPANY.

Opinion delivered June 11, 1917.

1. SET-OFF—SUIT ON WRITTEN CONTRACT—ORAL PROOF OF CONTEMPORA-
NEOUS AGREEMENT.—All negotiations leading up to a written contract
are merged therein, and evidence of a contemporaneous oral agreement
is not competent to vary the terms of the written agreement.

2. CONTRACTS—PAROL PROOF OF SET-OFF.—Appellant agreed to pay
appellee a certain sum, in writing, for a certain consideration. In an
action thereon appellant can not alter the terms of the writing by
oral proof of other terms.

Appeal from Columbia Circuit Court; *Chas. W.
Smith,* Judge; affirmed.

*C. W. McKay,* for appellant.

1. The answer presents a proper counter-claim
or set-off to the cause of action either arising out of the
contract or transactions set forth in the complaint, or
connected with the subject-matter of the action. 124 Ark.
460; 71 Ark. 408; 84 *Id.* 218; 95 *Id.* 488; 102 *Id.* 367;
106 *Id.* 247; 186 S. W. 78; 129 *Id.* 1081; 105 *Id.* 256; 75
*Id.* 479, etc.

2. If not a proper subject of counter-claim, the
claim of defendant is a proper subject of set-off. The
defendant's claim is not for unliquidated damages, but
for timber wrongfully cut, that can be made certain. The
price was agreed upon and the only thing to be ascer-
tained was the amount of timber cut. 108 Ark. 414.

3. The answer alleges a waiver. 34 Cyc. 648. The
parties agreed to ascertain the amount of timber cut and
credit the amount on the note. Whether liquidated or
unliquidated, the claim arises under or upon contract
and is a proper set-off. 9 Cyc. 648; 34 *Id.* 648. The pol-
icy of our law and courts is to settle all disputes between
the parties in the suit. Here the parties agreed to as-
certain the amount of timber wrongfully cut and credit
same upon the note. It was error to sustain the de-
murrer.

*Henry Moore* and *Henry Moore, Jr.,* for appellee.

1. All prior agreements and negotiations are merged in the written agreement or contract, and it can not be varied or altered, save by subsequent agreement in writing. 104 U. S. 30; 79 Ark. 262; 99 *Id.* 224; 102 *Id.* 431; 83 *Id.* 287.

2. The demurrer was properly sustained. Unliquidated damages can not be off-set against a note. Kirby's Digest, § § 6099, 6101; 83 Ark. 284; 84 *Id.* 219; 95 *Id.* 493; 106 *Id.* 247; 54 *Id.* 190. See also 87 Ark. 168; 92 *Id.* 596; 108 *Id.* 414; 96 *Id.* 488.

### STATEMENT BY THE COURT.

Appellee brought suit against appellant on a promissory note which is as follows:

"622.04                    Texarkana, Ark., 2/8/1915.

June 15, after date I promise to pay to the order of Bodcaw Lumber Company, the sum of six hundred and twenty-two and 4/100 dollars for value received, with interest thereon at the rate of six per cent. per annum from September 1, 1914, until paid.

Given in payment for timber cut, about which suit has been pending in Lafayette Circuit Court.

(Signed)   E. F. Graves."

The appellant answered, admitting the execution of the note and that same had not been paid. Appellant set up as a counter-claim or set-off that he purchased of plaintiff all the merchantable pine timber on certain lands (describing them) in Columbia County, situated east of Dorcheat bayou; that after the purchase the defendant cut certain pine timber from lands which the plaintiff contended were west of Dorcheat bayou, and that plaintiff had cut pine timber from lands which the defendant contended were east of Dorcheat bayou, that is, from the lands which defendant had purchased from the plaintiff; that after defendant cut the timber upon the lands that plaintiff alleged to have been west of Dorcheat bayou and belonging to it, and after the plaintiff

had cut timber from lands which the defendant contended were east of Dorcheat bayou, belonging to him, plaintiff brought suit to recover damages it alleged it had sustained by reason of defendant's cutting and removing the pine timber from its lands; that in settlement of said suit plaintiff and defendant contracted that the plaintiff would pay to the defendant the sum of $4.50 per thousand feet for all the timber cut by it from the lands lying east of Dorcheat bayou, if it should be ascertained from investigation that plaintiff had so cut and removed such timber; that at the time the note in suit was given there was an understanding and agreement between the plaintiff and the defendant that each would select an arbitrator, whose duty it would be to determine whether or not plaintiff had cut and removed any timber belonging to the defendant, and that the further agreement was that if the arbitrators could not agree whether the plaintiff had cut any of the defendant's timber, they were to select a third man, who was to determine whether plaintiff had cut and removed any timber belonging to the defendant as contended by the defendant.

It was further set up that the plaintiff agreed to credit on defendant's note any amount of timber thus found by said arbitrators to have been cut and removed by the plaintiff. There was the further averment that the plaintiff failed to make any investigation and failed to arbitrate the controversy as it had contracted to do and had failed to credit defendant on the note for any pine timber so cut and removed by the plaintiff. The amount of timber alleged to have been cut by the plaintiff under this agreement was $468.00, which defendant asked to be placed as a credit upon the note, and he offered to confess judgment for the difference.

Plaintiff filed a special demurrer, alleging as grounds: First, that the answer offered to prove by oral testimony facts not set forth in the note sued on which tended to vary the written contract; second, that the al-

leged set-off was not founded on contract, or ascertained by the decision of a court, and was for unliquidated damages; third, that the alleged counter-claim did not arise out of the contract or transaction set forth in the complaint, and was not connected with the subject-matter of the action; and, fourth, because the agreement to arbitrate was collateral and independent and could not be pleaded in bar to the note sued on.

The court sustained the demurrer. The defendant stood on its answer and declined to plead further. The court thereupon rendered judgment in favor of the plaintiff, and from that judgment this appeal comes.

WOOD, J., (after stating the facts). The judgment was correct. The appellant does not allege in his answer that the contemporaneous agreement set up by him and asked to be considered as a counter-claim or set-off against the appellee's cause of action was evidenced by any agreement in writing, entered into at that time or at any subsequent time. Such allegations were essential to entitle him to the relief sought, for if such an oral agreement had been entered into in the negotiations looking to the settlement evidenced by the note, then all such oral agreements would be merged in the note, for the note on its face shows that it was "given in payment for timber cut about which suit had been pending in the Lafayette Circuit Court," and that it was a written contract for the settlement of that controversy.

Now, if there was a contemporaneous or subsequent written contract embodying the terms set up in appellant's answer, before appellant could avail himself of such contract as a set-off or counter-claim to appellee's cause of action, it devolved upon him to show that the written contract sued on did not express the entire contract between the parties, but that there was a contemporaneous or subsequent writing evidencing the matters set forth in his answer.

(1) This contract could not rest partly in writing and partly in parol, and it is Hornbook law that all prior

negotiations leading up to the written contract are merged therein, and, further, that evidence of contemporaneous parol agreement is not competent to vary the terms of the written agreement. *Martin* v. *Cole,* 104 U. S. 30; *Cox* v. *Smith,* 99 Ark. 224, and cases there cited. *Izard* v. *Connecticut Fire Ins. Co.,* 128 Ark. 433; *Ashley, Drew & Northern Ry. Co.* v. *Cunningham,* 129 Ark. 346.

(2) The writing sued on here showed a complete contract. It showed a settlement by agreeing to pay the consideration named for timber cut. If there were some other terms of settlement than those here plainly expressed, it devolved upon the appellant to allege what these terms were and that they were embodied in writing at the time, or subsequent to the other contract.

Under the familiar principles above announced there was no error in the ruling of the court in sustaining appellee's demurrer to appellant's answer, and (upon appellant's failure to amend) in entering judgment final against him. That judgment is therefore affirmed.