MOORE *v.* NORTH COLLEGE AVENUE IMPROVEMENT
DISTRICT No. 1.

Opinion delivered December 10, 1923.

1. PLEADING—SUFFICIENCY ON DEMURRER.—In determining the sufficiency of the complaint, as against a demurrer on the ground that the facts are insufficient to constitute a cause of action, the allegations must be taken as true.

2. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—LIMITATION.—An action to test the validity of the organization of a street improvement district may be brought more than 30 days after the city council has ascertained that the majority of the property owners have signed the petition for formation of the district; Crawford & Moses' Dig., § 5653, relating only to a review of the findings of the city council as to such majority, and not to attacks upon the organization of the district for jurisdictional defects.

3. MUNICIPAL CORPORATIONS—STATUTE VALIDATING IMPROVEMENT DISTRICTS.—Act of October 13, 1923, which, in effect, suspended or withdrew the authority of rural road districts over streets which are the subjects of municipal improvement districts, and validated the latter districts, *held* valid and retroactive, so as to validate a municipal improvement district which had been attacked by the property owners.

4. MUNICIPAL CORPORATIONS—STATUTE VALIDATING IMPROVEMENT DISTRICTS.—Act of October 13, 1923, which, in effect, suspended or withdrew the authority of rural road districts over streets which are the subjects of municipal improvement districts, and validated the latter districts, was effective retroactively as to a municipal improvement district which was in litigation and pending on appeal at the time of its passage.

5. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICTS—LEGISLATIVE POWER.—When a street in a city or town needs improving, a majority of the owners of property to be affected have a right to provide therefor, in the manner authorized by the statute, by the formation of an improvement district, and it is within the

power of the Legislature to withdraw any authority previously conferred upon a rural road improvement district.

6. MUNICIPAL CORPORATIONS—REVIEW OF ASSESSMENTS.—A complaint in an action to review assessments made by a municipal street improvement district which alleged, in general terms, that the assessments were excessive, arbitrary, discriminatory, inequitable and unfair, and not according to the value of the benefits, and also alleged that church property "had been favored," and mentioned a certain property with its value and assessed benefits without stating that it was under-assessed, *held* not to state facts calling for a review of the assessments.

7. MUNICIPAL CORPORATIONS—REVIEW OF ASSESSMENTS—PLEADING.— In order to call for a review by the courts of an assessment of benefits made by an improvement district, facts showing the assessments to be unjust and discriminatory must be properly and directly pleaded.

Appeal from Washington Chancery Court; *Ben F. McMahan*, Chancellor; affirmed.

*E. B. Wall*, for appellants.

1. For the purpose of testing the sufficiency of the complaint on demurrer, all its allegations of fact must be taken as true. 141 Ark. 8; 134 Ark. 106, 107; 31 Ark. 657; 77 Ark. 1; 110 Ark. 423; 107 Ark. 142; 75 Ark. 64; 90 Ark. 158; 96 Ark. 371.

2. It is therefore admitted as true that the control of the street, for the purpose in question, was vested in the county court, or judge thereof, acting through the road commissioners, at the time the street improvement district was organized, and still remains so vested. 97 Ark. 318, 321; 56 Ark. 205. Therefore the city council had no control or jurisdiction over the subject-matter, and was without authority to create the district. Moreover, the control of this street was still vested in the county court and road commissioners, by virtue of the special act No. 52, approved February 4, 1920, and referred to in the amended complaint. 118 Ark. 119; 130 Ark. 507; 139 Ark. 153; *Id.* 168; *Id.* 277. The power of the Legislature, in all matters of taxation, is limited only by the Constitution. 4 Dillon on Municipal Corporations, § 1366,

pp. 2371-2374; Constitution, art. 2, § 23; art. 12, § 2; art. 16, § 5; art. 19, § 27.

3. The city council could not legally superimpose one district upon another, under the facts stated in the complaint. The result of the organization of the street improvement district was to create a second improvement district, for one and the same purpose, so far as pertains to the street in question, as that for which the road district was created, and it is therefore void. 123 Ark. 467, 470; 3 Dillon, Mun. Corp., § 1140, p. 1812 and note; 24 Ill. 496.

4. The assessment *per se* was illegally and improperly made. The allegations pertaining to the assessment may have been open to a motion to make the same more definite and certain, but we insist that they were impervious to a general demurrer.

*George A. Hurst,* for appellees.

Appellant declined to plead further. Therefore, even if the demurrer should have been treated as a motion to make more specific, it was proper to render judgment for the defendants. 132 Ark. 528. A complaint must state every essential element of the cause of action, and mere conclusions of law cannot take the place of such allegations. If it is defective in this respect, it is demurrable. 110 Ark. 423; 72 Ark. 478; 121 Ark. 261; 17 Ark. 445; *Id.* 603; 34 Ark. 169; 35 Ark. 555. Since the original complaint was filed more than two and one-half months after the city council had passed on the second petition, plaintiffs were barred from questioning the validity of the district. C. & M. Digest, § 5652; 131 Ark. 28; 134 Ark. 315. If a complaint fails to state a cause of action at all, it cannot be amended on motion to make more specific. 110 Ark. 130-139. Appellants never having requested a reduction of their assessments, or that they be given credit for any former improvement made, they cannot question the validity of the assessments here. 148 Ark. 623. The allegations as to double assessment amount to a mere abstract conclusion of law, which is refuted by allegations preceding it in the complaint. Moreover,

the inclusion of the same territory in a new district does not of itself impute double assessment. 109 Ark. 97; 103 Ark. 463, 464; 121 Ark. 16.

McCulloch, C. J. Appellants, who were plaintiffs below, are owners of real property in an improvement district in the city of Fayetteville, organized for the purpose of paving a street designated as North College Avenue, and they instituted this action in the chancery court, attacking the validity of the organization, as well as attacking the correctness of the assessment of benefits of their respective properties. The action was commenced more than thirty days after the city council passed upon the petition of property owners asking for the improvement and appointed the board of commissioners, but it was commenced within thirty days after the city council approved the assessment of benefits. The court sustained a demurrer to the amended complaint on the ground that facts were not stated therein sufficient to constitute a cause of action. We therefore have to deal only with the question of the sufficiency of the complaint, and in doing so we must treat the allegations as true.

Counsel for appellees insist that the demurrer was properly sustained to that part of the complaint which relates to the attack on the validity of the organization of the district on the ground that the action was not commenced within thirty days, as provided by statute (Crawford & Moses' Digest, § 5653), after the city council ascertained that a majority of property owners had signed the petition for the improvement. The answer to that contention is that the statute referred to applies only to a review of the findings of the city council as to a majority of property owners signing the petition—not to jurisdictional defects in the organization of the district.

The point of attack of appellants on the validity of the statute is that there had been previously organized and put into operation, under general statutes (Craw-

ford & Moses' Digest, § 5299 *et seq.*), a road improvement district for the purpose of improving a road running to and through the city of Fayetteville and including North College Avenue, that the territory of the district now under review overlaps the territory of said road district, and that the present organization constitutes an encroachment on the road district and causes double taxation on property in the district for the same improvement. According to the allegations of the complaint, a road district, designated as Road Improvement District No. 2 of Washington County, was organized under general statutes in the year 1918, for the purpose of improving (paving with gravel or rock) a road extending through Washington County from the Crawford County line to the Madison County line, through the city of Fayetteville and along North College Avenue; that "all or nearly all of the real estate within the corporate limits of Fayetteville is being taxed for said road district," and that "said road district is still in progress, but that no work has as yet been done on the North College Avenue part thereof." It is also alleged in the complaint that said road district organization was validated by special statute enacted by the extraordinary session of the General Assembly in 1920, and approved February 4, 1920. It is charged in one of the paragraphs of the complaint, and it is contended in the argument here, that, "assuming the validity of the organization of said district, the necessary effect will be to withdraw, for the purpose of making said improvement, the streets and parts of streets constituting the said roadway or improvement through the corporate limits of the city of Fayetteville from the control of the city and to vest said control in the Washington County Court, until said improvement within the corporate limits has been made, and that said improvement through said corporate limits has not, as yet, been made;" and that "the municipality has been divested of all authority over said

roadway within the corporate limits, including North College Avenue.''

Counsel for appellees bring to our attention a general statute (containing the emergency clause) enacted by the General Assembly at the recent extraordinary session, and approved October 13, 1923 (after the rendition of the decree in this case), which reads as follows:

''Section 1. That no road improvement district within this State shall in any way affect the validity of any municipal improvement district which is organized for the purpose of paving streets over which any road improvement district may pass.

''Section 2. All municipal improvement districts heretofore organized, and which are included in road improvement districts heretofore organized, are hereby declared to be valid.''

The question of the validity of this statute and its effect on the present litigation presents itself. Appellants contend that the statute is only prospective—not retroactive—in its terms and application. We do not agree to that view. The statute is necessarily retroactive if it can be legally made so, and is by its terms applicable to municipal districts theretofore organized. The fact that the statute was enacted since the rendition of the decree below does not prevent its having effect now. *Sudberry* v. *Graves,* 83 Ark. 344. The effect of the statute is to suspend or withdraw the authority of rural road districts in the improvement of streets in municipalities which are the subject of districts organized in municipalities for that purpose, and to validate municipal improvement districts organized to improve streets included in a general road district.

We conclude that the statute is valid and is applicable to the present controversy, for its effect is such as could have been imposed before the organization of either district, and it prescribes only such restrictions as could have been declared by law in the first instance. *Sudberry* v. *Graves, supra.*

There are no allegations in the complaint which show that the application of the statute in suspending the authority of the road district as to improvement of the street in question would result in an impairment of the obligation of a contract, or would result in unjust inequalities in taxation, or in taking property without due process of law. It is true that the complaint contains an allegation that the operation of the municipal district will result in double assessments for the same improvement, but this is merely a statement of a conclusion, and not facts upon which the conclusion is based. It is not shown that there are inequalities which cannot be removed in the assessment or reassessment of benefits in either of the districts as provided by law. *Sembler v. Water & Light Imp. Dist.,* 109 Ark. 90; *Van Dyke v. Mack,* 139 Ark. 524. The complaint shows on its face that no work has been done by the road district in the improvement of this particular street, and the matter is within legislative control. *Van Dyke v. Mack, supra.*

When a street in a city or town needs improving, a majority of the owners of property to be affected have a right to provide therefor; in the manner authorized in the statute, by the formation of a district, and it is within the power of the lawmakers to withdraw any authority previously conferred on a road district. All of the constitutional requirements are complied with when the will of the majority of the owners of property in a municipal district is ascertained.

The next question presented is whether or not the allegations of the complaint are sufficient to state facts and constitute grounds for reviewing the assessment of benefits to the property of appellants. The complaint contains statements as to the respective amounts of assessed benefits to property of appellants in each of the districts, and states in general terms that the assessments are excessive, and that they are "arbitrary, discriminatory, inequitable and unfair," and are not "according to value of benefits." There is an allega-

tion that church property and other valuable properties in the district "have been favored." The complaint also mentions specifically a particular piece of valuable property, stating its market value and also the assessed value of benefits, but there is no allegation that this particular property has been under-assessed. These are mere conclusions, and do not show facts upon which the conclusions are based. The allegations are not sufficient to call for a review of the assessments made by the board of assessors. *Moore* v. *Board of Directors*, 98 Ark. 113; *McClelland* v. *Pittman*, 139 Ark. 341.

A judicial review of assessments, even in a direct proceeding, as in this instance, does not authorize the substitution of the court's judgment for that of the assessors, unless facts are shown which render the assessments unjust and discriminatory, and these facts must be properly and directly pleaded before a court should enter upon the investigation.

Our conclusion therefore is that the demurrer was properly sustained by the court, so the decree dismissing the complaint is affirmed.

HART, J., dissents; Humphreys, J., did not participate.

DISSENTING OPINION.

HART, J. I entertain no doubt but that the facts alleged in the complaint are sufficient to put in issue the question of the assessment of benefits on the lots of appellants as being discriminatory. Inasmuch as the facts upon which my dissent is based are not fully stated in the majority opinion, it becomes necessary for me to write my reasons for dissenting.

It is true that the rule is settled in this State that mere conclusions of law are not to be pleaded, and that mere allegations that the assessments of benefits are discriminatory or confiscatory may be reached by demurrer. The reason is that it is within the province of the court to apply the law to the facts, and this cannot be done unless the ultimate facts are pleaded. But this rule does

not extend to conclusions of fact. Inasmuch as it is the ultimate and not the probative facts which should be alleged or averred, where the facts are defectively stated the remedy is to correct the defect by a motion to make more definite and certain, and not by demurrer.

This court has repeatedly and uniformly held that the object of the Code system of pleading is to force a trial on the merits. A pleading is but the statement of the claim or the defense of the pleader. It seems to me that the allegations of the complaint were sufficient to put the defendants upon notice upon what facts the plaintiffs relied to prove that the assessment of benefits as to them were discriminatory.

In the case at bar, paragraph 17 of the complaint first alleges that the assessment of benefits in the improvement district in question is arbitrary and discriminatory. Continuing, it alleges the following:

"That the most valuable property has been favored and the burden placed upon the smaller property owners. That all church property has been favored. That some of the most valuable resident property has been favored; and, on this point, plaintiffs instance lot 4, block 18, owned by Geo. Appleby, worth approximately $48,000, and assessed at $2,417.57."

Paragraph 13 of the complaint contains a particular description of the lots of the plaintiffs, together with the amount of the assessment of benefits opposite each particular tract. For instance, it alleges that A. I. Moore owns lot 8, block 1, assessed at $570.84, and that Moses Baum owns lot 2, block 10, assessed at $1,235.76. The corrected assessment of benefits is also specifically made a part of the complaint, and is made an exhibit thereto. It contains the particular description of the church lots, together with the name of the church owning the lots, and the amount of the assessment of benefits opposite the description. It appears, for instance, that the lot of the First Presbyterian Church is assessed at $1,265.63. The court sustained a demurrer to the complaint, therefore its allegations must be taken as true.

Here then we have an allegation that the lots of the plaintiffs, which are specifically described, were assessed for the building of the street in question at certain amounts, which are set opposite the description. The plaintiffs also sets out the description of the three churches in the district and the amount of benefits assessed against each church. It also contains a particular description of the property of Geo. Appleby, and the amount of benefits assessed against it. The complaint then alleges that the assessment against the property of the plaintiffs, as compared with the property of the churches and Appleby, is discriminatory. If the complaint is to be a statement of the claim of the plaintiffs, I think that the above facts, inferentially at least, contain a statement of facts which should put the parties to the proof. As we have already seen, it is not necessary to state the evidential facts. It is only necessary to plead the ultimate facts upon which the pleader relies. The facts stated, it seems to me, would admit proof of the alleged discriminatory character of the assessments.

Moreover, § 16 of the complaint alleges substantially that the assessment of benefits is arbitrary and discriminatory, because such assessment absolutely ignored the assessment of benefits made in the road district, and, without allowing any credit or reduction for the road district improvement, assessed benefits *de novo* for the North College Avenue Improvement District.

Other paragraphs of the complaint allege that the road district is still in progress; that the road district was paying nothing towards the construction of the improvement of North College Avenue; that two and a half miles of the streets of the city of Fayetteville are included in the route of the road district; that the road district contemplated the improvement of these two and a half miles of street by making them a macadam roadway, in like manner as the rural part of the public roads to be improved.

The complaint also alleges that the assessment of benefits of the road district was first made as if the two

and a half miles of streets in Fayetteville, including North College Avenue, were to be a part of said improved roads; that, after the improvement district was formed to pave North College Avenue, the property in that district which had been assessed in the road district, was again assessed, without taking into consideration the fact that it had been assessed to construct the improved public road. I think that these facts are sufficient to allege that the assessment of benefits in the North College Avenue Improvement District is discriminatory.

It seems to me that, under the allegations of the complaint, viewed either as a city improvement district or as a component part of the road district, the property in the city improvement district is subject to be taxed in excess of the tax or assessment levied against other property of the road improvement district of which it forms a component part. Hence the tax or assessment levied and sought to be enforced in the city improvement district is amenable to objection as being discriminatory.

According to the allegations of the complaint, two and a half miles of the road to be improved was in the city of Fayetteville. While this court has held that the streets of a city may be included in a road improvement district, it has not heretofore held that a road improvement district might be formed to reach to one boundary of a city, and then jump across the city to another boundary and be continued as the same improvement. If this could not be done in the first instance, it could not be done at any subsequent time, without breaking the continuity of the road to be improved and thus creating two distinct improvements. I do not think that two roads, disconnected from each other for 2½ miles, in so far as the improvement is concerned, could be embraced in one improvement district; and, if that is so, I do not think that an improvement district could be organized in a city which could have that effect and still leave the road improvement district in operation. The very situation that has arisen here impresses me more vividly than

before that the framers of our Constitution never intended that public roads should be constructed by road improvement districts.