MARSHALL MOTOR SERVICE *v.* NORM COMPANY.

4-4782

Opinion delivered November 1, 1937.

*Glover & Glover,* for appellant.

*Thomas W. Roland,* for appellee.

GRIFFIN SMITH, C. J. Norm Company, a corporation operating from New York, filed suit in the court of M. T. Norton, a justice of the peace of Hot Spring county, and on June 19, 1933, judgment was given against the defendants, Marshall Motor Service and H. H. Marshall, manager, for $104.30. The demand was based upon a writing which the plaintiff contended was a contract.

The circumstances were these: On January 8, 1932, an agent of Norm Company called on Marshall late one evening at his place of business in Malvern and undertook to sell an advertising service. It is admitted that a writing was prepared by the agent and signed by Marshall on behalf of himself and the motor company. Alleging this writing to have been a contract and that payment for the service supplied thereunder had not been made, Norm Company brought the suit referred to, *supra.*

The defendant in the proceeding employed John L. McClellan as his attorney, the plaintiff having been represented by Attorney Thomas W. Roland. At the trial the writing was introduced, whereupon the defendant testified that when he was urged by plaintiff's agent to sign such contract he explained that Claud Mann, a news-

paper publisher of Malvern, handled his advertising, and that he (Marshall) would not definitely enter into the agreement until he had discussed the matter with Mr. Mann and secured his approval. Thereupon, according to the construction contended for by appellant on this appeal, plaintiff's agent went to Arkadelphia after an oral understanding had been reached that the result of Marshall's conversation with Mann would be telephoned to him at Arkadelphia the following morning, and, if Mann approved of the service, the terms of the contract would become fixed. It was Marshall's contention that he did see Mann and that the latter disapproved the service, following which the agent was directed to disregard the tentative agreement. This direction was given by telephone the morning after Marshall had talked with Norm's representative, but the latter informed Marshall that the contract had been mailed to New York and that it was too late to retract. Marshall then sent a letter to appellee at its home office in New York, asking that the writing be disregarded. Appellee chose to stand on the contract which it claimed had been unconditionally signed, and the advertising service was shipped according to written directions.

The justice of the peace gave judgment for the full amount contended for by the plaintiff. The justice's docket shows that on June 6, 1933, an appeal was prayed for and allowed, but this is obviously an error, inasmuch as the judgment was not rendered until June 19, and the proper date is probably July 6, 1933, at which time Marshall filed his affidavit for appeal.

Affidavit for appeal was not lodged with the clerk of the circuit court until December 3, 1934—more than seventeen months after rendition of the judgment.

In the meantime both Marshall and Justice Norton had died. On January 21, 1935, a petition was filed in the circuit court praying that the cause be revived in the name of Mrs. Theresa Marshall, administratrix, and the prayer of this petition was granted July 15, 1935.

On May 1, 1937, when the cause came on to be heard, appellee (plaintiff below) moved to affirm on the ground

that due diligence had not been shown in prosecuting the appeal. The motion was overruled. An amended and substituted answer setting out defense contentions was filed. Issues were joined and the defendant offered the depositions of John L. McClellan and Claud Mann in evidence of the construction contended for with respect to conditions under which the so-called contract was executed, such depositions having been taken by agreement. Appellee's motion to quash the depositions was sustained, and this action of the court, with 19 other specific assignments, is urged as error.

We are of the opinion that appellee's motion to affirm the judgment of the justice court because of the failure of appellant to bring up the record and prosecute the appeal in a timely manner, should have been granted.

Section 8479 of Pope's Digest makes it the duty of a justice of the peace, on or before the first day of the next term of circuit court after an appeal has been allowed, to file in the office of the circuit clerk a transcript of all the entries made in his docket relating to the cause, together with all process and all the papers relating to such suit.

In *Carden* v. *Bailey,* 87 Ark. 230, 112 S. W. 743, we said: "It was the duty of the appellant from the justice of the peace court to see that the transcript was lodged with the circuit clerk as the law requires, and upon failure to do so it was within the discretion of the circuit court to dismiss the appeal or affirm the cause for failure to prosecute."

This court said, in *Hart* v. *Lequieu,* 110 Ark. 284, 161 S. W. 201, that § 4670, Kirby's Digest, now § 8479 of Pope's Digest, had been construed in several cases, and that while the statute makes it the duty of the justice of the peace to file the transcript in the clerk's office within the time prescribed, it is nevertheless incumbent upon the appellant to see that this is done—that the appellant must prosecute his appeal. The opinion says: "That case [*Hughes* v. *Wheat,* 32 Ark. 292] holds that although the provisions of this section are directory, they must not be ignored, and other cases hold that where the tran-

script is not filed within the time limited by the law, the appeal should be dismissed, in the absence of a satisfactory explanation of this failure." See *Smith* v. *Allen,* 31 Ark. 268; *McGee* v. *McCarroll,* 31 Ark. 550; *Wilson* v. *Stark,* 48 Ark. 73, 2 S. W. 346; *Bates* v. *Mitchell,* 96 Ark. 555, 132 S. W. 917; *Geo. E. Keith Co.* v. *January,* 131 Ark. 389, 199 S. W. 89.

Of course, if there is a satisfactory showing that the delay is due to matters over which the appellant had no reasonable control, and justice requires that the delay be disregarded and that the cause be heard *de novo* on its merits, then the circuit court should overrule a motion to dismiss.

In the instant case there is no such showing. On the contrary, the situation of the parties has changed through death of the personal defendant below and the justice of the peace who rendered the judgment.

In the circuit court it was sought through the depositions of McClellan and Mann (who heard Marshall testify on June 19, 1933) to establish Marshall's contention that the writing relied upon by appellee was not, in fact, a contract, because finality of the agreement depended upon Mann's approval.

The trial court assumed that such testimony was incompetent under the rule that parol testimony is not admissible to vary the terms of a written contract. While this is the law, it does not necessarily apply here, for if appellant's construction of the transaction is correct, no contract was entered into. A late decision to that effect is *Dodson* v. *Wade,* 193 Ark. 534, 101 S. W. (2d) 182, the holding in substance being that "Where there is a written contract in which ambiguities do not appear, oral evidence is inadmissible to contradict, vary or add to its terms, but this rule applies only to contracts which have been fully executed and finally consummated."

In spite of errors of which appellant might have taken-advantage if the appeal had been perfected and prosecuted within a reasonable period, we are of the opinion that the delay was an injustice to which the appellee should not have been subjected. A jury in circuit

court returned a verdict for appellee, and since the effect of affirming the judgment rendered on that verdict is the same as though the appeal from the justice of the peace court had been dismissed, such judgment is accordingly affirmed.