CITTY *v.* SHARPE.

4-9231                                         231 S. W. 2d 120

Opinion delivered June 26, 1950.

*Ted Goldman,* for appellant.

*Shaver, Stewart & Jones,* for appellee.

DUNAWAY, J.  Appellant Citty sought to recover from appellee Sharpe for damages sustained as a result of loss by fire of a truck owned by appellant.  Purchase of the truck had been financed through appellee's company, and as basis for recovery against appellee, appellant alleged breach of an oral contract to provide insurance coverage on the truck.  The trial court directed a verdict for the defendant at the conclusion of plaintiff's testimony.  From that action comes this appeal.

In August, 1947, M. L. Citty, appellant's brother, bought a panel truck for $1,500, financing payment of the purchase price and insurance through appellee, doing business as Texarkana Finance Company.  From the record it appears that a renewal policy of insurance for $1,500 was issued August 22, 1948, to expire April 22, 1949.  This policy was made payable to M. L. Citty and C. E. Sharpe, as their interest might appear.  The Certificate of Insurance recites an encumbrance on the truck of $608, payable in eight installments of $76 each, with the final installment due April 16, 1949.  The insurance premium was $38.92.

On June 10, 1948, appellant bought the truck from his brother, paying him $400 and assuming the balance of the indebtedness due appellee.  Appellant continued to make the monthly payments of $76 under the contract of his brother with appellee until January, 1949.

At that time he desired to have the monthly payments reduced, and entered into a new contract with

appellee. There remained unpaid on the original note the sum of $304. On January 11, 1949, appellant paid four dollars in cash, and executed a new note in the amount of $330, representing the unpaid balance on the old note plus the agreed interest at ten per cent. That note and mortgage contained this provision concerning insurance on the truck: "The Mortgagor Agrees as Follows: . . .

"That the Payee hereof or assigns may keep said motor vehicle insured to the full amount due on this note or such part thereof as they may be able to obtain with loss payable to Payee as his interest may appear."

The truck was destroyed by fire in June, 1949. When this was reported to appellee with a request that the insurance company be notified, appellant was informed that the insurance on the truck had expired April 22, 1949. Thereafter, this action was begun to recover from appellee the sum of $1,250, alleged to be the market value of said truck when it was destroyed.

Appellant testified that appellee in June, 1948, had agreed to have the policy of insurance then in force changed from his brother's name to that of appellant; that this was not done, with the result that he did not receive the notice from the insurance company that the policy would expire on April 22, 1949. He further testified that when the new note and mortgage were executed in January, 1949, appellee told him that the insurance remained unchanged and that he would have coverage until the truck was paid out.

It is undisputed that appellee did not charge or collect any premium for insurance when the new note was executed. The rights of the parties must be determined by the written contract of January 11, 1949, which could not be varied by parol. *Graves* v. *Bodcaw Lumber Co.*, 129 Ark. 354, 196 S. W. 800.

At most appellant could introduce testimony of a verbal contemporaneous agreement only in explanation of the ambiguous language of the contract already quoted, that appellee might insure the truck for the amount due

on the note. At the trial appellant admitted that he had made no payments since the fire and that there remains unpaid on the note the sum of $180. Even assuming an agreement on the part of appellee to procure insurance to the amount of the unpaid balance of the note, the amount remaining unpaid would be the limit of his liability to appellant for his failure to do so. Since it is admitted that appellant has not paid the balance due at the time of the fire, he has not shown that he has been damaged.

We hold, therefore, that the trial court correctly directed a verdict for appellee. Appellant can still raise this issue in defense if appellee seeks to recover the balance due under the note of January 11, 1949.

The judgment is affirmed.