TOWNSEND *v.* STANDARD INDUSTRIES, INC.

5-2854                                    363 S. W. 2d 535

Opinion delivered December 17, 1962.

[Rehearing denied February 4, 1963.]

*J. Wesley Sampier* and *Jeff Duty,* for appellant.

*Crouch, Blair & Cypert,* for appellee.

NEILL BOHLINGER, Associate Justice. This is an action brought by appellant, John Townsend, in the Benton County Circuit Court to recover damages to which he alleged he was entitled by reason of a breach of contract by the appellee, Standard Industries, Inc.

The appellant, in his complaint, pleaded an oral agreement under which he stated that the appellant and appellee had operated from December, 1960 until April, 1961. He alleged the agreement was that he would move his sawmill onto certain lands owned by the appellee and would drag or haul timber from appellee's land after the timber had been felled by the appellee, and saw the same to size and dimension as directed by the appellee and that from December, 1960 to April, 1961 he had so performed.

The complaint states further:

"And that on or about the 20th day of April, 1961, the parties signed a written contract embodying the terms and provisions of their agreement under which they had been performing and complying, since sometime during the month of December, 1960, and which said written contract was prepared by the defendant, Standard Industries, Inc., a copy of which, marked Exhibit "A", is attached hereto and made a part hereof fully as though set out word for word herein."

It is the contention of the appellant that under the agreement appellee was to cut all the timber on what is roughly designated as the appellees' land comprising approximately 800 acres of timber land and appellant was to haul it to his mill, cut it to specification and sell it to appellees for a certain price.

The appellant's complaint alleges that after a lapse of time he was notified that no more timber would be bought and that he then moved his mill from the farm and brought this action for damages in the amount of $8,565.49 which he alleges he sustained by reason of the appellees' breach of contract.

The plaintiff, in his complaint, set out an oral agreement under which the parties operated from December, 1960 until April, 1961, as stated *supra,* but then stated that they had signed a written contract embodying the terms and provisions of their agreement.

The writing which appears as Exhibit "A" and which was incorporated in the complaint as if set out word for word is as follows:

"I, *John Townsend,* agree to set my sawmill on Standard Industry Farm, Rt. 1, Rogers, Ark. I will pick up logs from the farm, haul them to mill & will cut lumber as desired for $4 per 100 board ft.

I will cut, split & haul all white oak that will make Staves or heading for 2/3 amount received.

/s/ John Townsend
　　　Standard Industries Farm
/s/ Grover Fuller

I, Grover Fuller, will check lumber each Saturday & move it from mill—and count Board feet—

/s/ Grover Fuller"

The appellees [defendants below] filed a demurrer to the complaint on grounds it failed to allege facts which would constitute a cause of action, which the trial court sustained.

For the purpose of determining the sufficiency of the complaint on demurrer, the allegations contained in the pleadings must be taken as true. *Moore* v. *North College Avenue Improvement Dist. No. 1 of Fayetteville,* 161 Ark. 323, 256 S. W. 70. In the instant case it appears that the parties proceeded on the strength of some conversations in regard to the cutting of appellees' timber. In April, however, there was a writing signed by both the parties hereto and appellant's complaint sets forth the written document as "embodying the terms and provisions of their agreement under which they had been performing and complying" which document is "attached hereto and made a part hereof fully as though set out word for word herein." Therefore, whatever had been discussed or contemplated by the parties is brought within the focus of a writing signed by the parties and the appellant has a cause of action only if this writing is a contract.

The rule that in law cases an exhibit will not be considered in determining the sufficiency of the complaint on demurrer is not applicable here because the alleged contract is made a part of the complaint "as though set out word for word herein." Therefore, the terms of the writing are the very essence of the complaint and is the basis on which the action is predicated.

This is not a case in which parol evidence may be introduced to contradict or vary the terms of the written contract because from the allegations it purports to be a complete contract embodying all the terms and provisions of the agreement, and the rule as stated in *Graves* v. *Bodcaw Lumber Co.*, 129 Ark. 354, 196 S. W. 800 is that:

"* * * it is Hornbook law that all prior negotiations leading up to the written contract are merged therein, and, further, that evidence of contemporaneous parol agreement is not competent to vary the terms of the written agreement." [Citations omitted]

There is no allegation made that this is a severable contract so it must be considered as a whole.

From the terms of the writing, this is not a contract for the sale of all the output of the mill, nor is it a contract for the sale of all the timber on a given tract of land. Nothing in the writing, into which all the agreements have been merged, provides how much timber is to be cut nor when it is to be cut. There is no agreement to provide any specific logs for Townsend to cut, hence there is no mutual agreement. The quantity of logs to be cut is neither expressed nor implied in the alleged contract and thus cannot be ascertained.

The most that can be said is that the parties had agreed on a plan of operation but they did not make a contract.

As was said in *El Dorado Ice & Planing Mill Co.* v. *Kinard,* 96 Ark. 184, 131 S. W. 460:

"A contract to be enforceable must impose mutual obligations on both of the parties thereto. The contract is based upon the mutual promises made by the parties; and if the promise made by either does not by its terms fix a real liability upon one party, then such promise does not form a consideration for the promise of the other party. As is said in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Clark,* 90 Ark. 504, 'mutuality of contract means that an obligation must rest on each party to do or permit to be done something in consideration for the act or promise of the other; that is, neither party is bound unless both are bound.' A contract, therefore, which leaves it entirely optional with one of the parties as to whether or not he will perform his promise would not be binding on the other. Such are the contracts wherein one promises to buy all that the other may desire to sell; or wherein one

promises to sell or deliver all that he may desire or choose to sell or deliver. *Davie* v. *Lumberman's Mining Co.,* 93 Mich. 491; *Cummer* v. *Butts,* 29 Am. Rep. 530.

And such, too, is the nature of the contracts wherein the quantity sold can not be made reasonable to appear or is incapable of an approximately accurate estimate. *Campbell* v. *American Handle Co.,* 117 Mo. App. 19.

But a contract to sell and deliver to another all that one party may require in an established business, or all the product that the other party may produce for a definite period from a certain mill or plant, does impose such a fixed obligation as to save the mutual character of the promise. In such cases the quantity sold can be made to reasonably appear, and is capable of an approximately accurate estimate. And so a contract for the sale of the entire output of a mill of a known capacity for a definite period would be binding, although the amount so sold is not definitely ascertained.'' [Citations omitted]

The demurrer to the amended and substituted complaint was properly sustained and upon failure of the appellant to plead further the action was dismissed with prejudice. This action of the lower court is affirmed.

McFADDIN, ROBINSON & JOHNSON, JJ., dissent.

SAM ROBINSON, Associate Justice (dissenting). According to any reasonable construction of the complaint in this case it alleges that the plaintiff and defendant entered into an oral contract whereby, for a stipulated amount, the appellee employed appellant to saw into lumber all of the logs from 800 acres of timberland. The complaint further alleges that at a later date the oral agreement was reduced to a written contract; that appellant performed part of the contract and had stood ready, willing and able to complete his part of the contract if he had been permitted to do so by appellee, but that appellee had breached his part of the contract by failing to furnish the logs to be sawed into lumber.

The majority is holding that the writing does not constitute a contract, but that appellee is bound by the terms

of this unenforceable agreement and can not introduce parol testimony to add to the writing to show that the parties actually did enter into a valid contract. In my opinion, the majority has improperly applied the parol evidence rule. Before this rule is applicable, there must be a valid written contract between the parties. The majority holds, and I agree, that there is no such contract.

In 20 Am. Jur. 954 it is said: "The rule, commonly known as the 'parol evidence rule,' which excludes evidence of prior or contemporaneous oral agreements which would vary a written contract *presupposes* the existence of an existing valid written contract. Speaking generally, if the parol evidence attacks the legality . . . of the contract, it does not fall within the condemnation of the so-called 'parol evidence rule'." (Emphasis ours.) And, on page 955 of the same volume of Am. Jur., it is said: "The rule that parol evidence is inadmissible to contradict or vary a written contract applies only to a written contract which is in force as a binding obligation."

In 32 C.J.S. 823 it is said: "It is of course necessary to the application of the parol evidence rule to contracts that there shall be a complete written contract between the parties."

"The trial court assumed that such testimony was incompetent under the rule that parol testimony is not admissible to vary the terms of a written contract. While this is the law, it does not necessarily apply here, for if appellant's construction of the transaction is correct, no contract was entered into." *Marshall Motor Service* v. *Norm Co.,* 194 Ark. 805, 109 S. W. 2d 662. Likewise in the case at bar, if there is no written contract, there is nothing to prohibit proof of an oral contract.

The majority points out that there is no written contract between the parties, and then cites *Graves* v. *Bodcaw Lumber Co.,* 129 Ark. 354, 196 S. W. 800, to the effect that parol evidence is not admissible to vary the terms of a valid and binding written contract. In that case there was a valid written contract; the Court said: "The writing sued on here showed a complete contract."

Appellant alleges in the complaint an oral agreement constituting a valid contract. Only recently, in the case of *Donham, Commissioner* v. *Neeley,* Law Reporter of November 12, this Court held that an entire complaint is not demurrable if any good cause of action is stated, and that in testing the sufficiency of a pleading against a general demurrer, every reasonable intendment should be indulged to support the pleading.

In my opinion the complaint in this cause states a valid oral contract. The parol evidence rule, which is actually a rule of substantive law because of rights acquired under a written contract, is not applicable because there is no valid written contract. I would, therefore, reverse the judgment.

JOHNSON, J., joins in this dissent.