ODOM ANTENNAS, INC. *v.* Candy STEVENS

CA 97-941                                        966 S.W.2d 279

Court of Appeals of Arkansas
Division I
Opinion delivered April 8, 1998

*Hatfield & Lassiter, P.A.*, by: *Richard F. Hatfield* and *Jeffrey W. Hatfield*, for appellant.

*Cearley Law Firm, P.A.*, by: *Robert M. Cearley, Jr.*, for appellee.

D. FRANKLIN AREY, III, Judge. The White County Circuit Court awarded appellee Candy Stevens compensatory and punitive damages, costs, and a reasonable attorney's fee against appellant, Odom Antennas, Inc. The award of compensatory damages was based on alternative theories, breach of contract and a claim for retaliation under the Arkansas Civil Rights Act of 1993; the award of punitive damages was based upon a violation of the Arkansas Civil Rights Act. Appellant argues that the trial court erred when it determined that the employment agreement was valid and enforceable; that the award of punitive damages is not supported by an award of compensatory damages; and that there is insufficient proof as to the number of appellant's employees, so

that punitive damages could not be calculated under the Arkansas Civil Rights Act. We affirm.

Bill Thornton, Odom's chief executive officer, persuaded Stevens to come work for the company. She moved from Washington, D.C., to Beebe and began work on July 11, 1994, with the title of Executive Director. Her duties included securing financing to help overseas customers and handling personal matters assigned by Thornton. Thornton testified that Stevens was a "perfect employee" for the first couple of months of employment.

On September 8, 1994, Stevens presented Thornton with an employment agreement that she prepared. He asked her a question, they discussed it, and then they both signed the agreement. It provides that "Employer agrees to employ the full-time services of a professional and administrative nature of the Employee . . . and the Employee agrees to accept employment from the Employer . . . ." The agreement outlines Stevens's compensation and benefits, and in paragraph 5 states: "In the event of termination of employment for any reason, other than voluntary termination on the part of Employee, the Employer agrees to separation pay equal to one (1) year [sic] salary."

Stevens and Thornton agree that their relationship began to worsen almost immediately after the agreement was signed. Thornton testified that Stevens began to be absent too much, and that she was causing "chaos" with the other employees. He alleged that he fired her for a number of reasons, including (1) not cancelling an advertising order, (2) telling an Arkansas Development Finance Authority employee that Odom was not interested in any of its programs, (3) not setting her own priorities, and (4) having a bad attitude.

Stevens, on the other hand, claims that she was ultimately fired because she would not lie for Thornton in an Equal Employment Opportunity Commission investigation. She testified that Thornton told her not to talk to the EEOC investigator, but she did so anyway, giving the investigator examples of what was happening at the office. She also gave two or three employees articles on sexual harassment.

Thornton asked Stevens to leave the company on Monday, September 19, 1994. He said that he did not trust her; she refused to leave, citing her contractual obligation. The next day Thornton gave Stevens a signed note that informed her that her employment was terminated.

Stevens sued for breach of the employment agreement, and sought to recover her salary for one year and benefits. She subsequently amended her complaint to add a claim for retaliation and termination in violation of the Arkansas Civil Rights Act, Title VII of the Federal Civil Rights Act of 1964, and common law wrongful discharge.

The trial court awarded Stevens a year's salary on her breach of contract claim, with an attorney's fee and costs. The trial court found that Stevens stated a claim for retaliation under the Arkansas Civil Rights Act, and that she was entitled to compensatory damages in the same amount as awarded on the breach of contract claim. However, the trial court did not allow Stevens to recover this same sum twice; rather, the trial court awarded Stevens a year's salary in the amount of $36,400 under the alternative theories. The trial court awarded Stevens punitive damages on her Arkansas Civil Rights Act claim; that amount was limited to $50,000 under Ark. Code Ann. § 16-123-107(c) (Supp. 1997), based on a perceived number of employees at Odom.

Odom first argues that the trial court erred by determining that the employment agreement was a valid and enforceable contract. Odom contends that the agreement does not obligate Stevens to do anything; thus, her promise to perform is illusory, and there is no valid consideration on her part supporting a contract.

This argument raises the issue of mutuality of obligation. The essential elements of a contract are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Hunt v. McIlroy Bank & Trust*, 2 Ark. App. 87, 616 S.W.2d 759 (1981). The concept of "mutual obligations" has been explained by our supreme court as follows:

> A contract to be enforceable must impose mutual obligations on both of the parties thereto. The contract is based upon the

mutual promises made by the parties; and if the promise made by either does not by its terms fix a real liability upon one party, then such promise does not form a consideration for the promise of the other party. ". . . [M]utuality of contract means that an obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound." A contract, therefore, which leaves it entirely optional with one of the parties as to whether or not he will perform his promise would not be binding on the other.

*Townsend v. Standard Indus., Inc.*, 235 Ark. 951, 954, 363 S.W.2d 535, 537 (1963)(quoting *El Dorado Ice & Planing Mill Co. v. Kinard*, 96 Ark. 184, 131 S.W. 460 (1910)) (citations omitted). Mutual promises that constitute consideration for each other are the classic method of satisfying the doctrine of mutuality. *J.L. McEntire & Sons, Inc. v. Hart Cotton Co.*, 256 Ark. 937, 511 S.W.2d 179 (1974).

■ The employment agreement satisfies the doctrine of mutuality because it contains mutual promises that are consideration for each other. Odom "agrees to employ the full-time services of a professional and administrative nature" of Stevens. In turn, Stevens "agrees to accept employment from" Odom. Stated another way, Stevens agreed to work for Odom, by rendering "professional and administrative services." This is not an illusory promise on Stevens's part; she is agreeing to work for Odom, in a particular capacity, in return for stated consideration. *Cf. Keith v. City of Cave Springs*, 233 Ark. 363, 344 S.W.2d 591 (1961)(a promise to supply all of the services that a promisee may thereafter order is not an illusory promise; instead, it is a very definite promise that creates a large power in the promisee).

■ Odom insists that it is necessary to construe the employment agreement against Stevens in order to resolve this issue. We disagree. If there is no ambiguity in the language of the employment agreement, then there is no need to resort to rules of construction. *See Koppers Co. v. Missouri Pac. R.R. Co.*, 34 Ark. App. 273, 809 S.W.2d 830 (1991). The determination of whether a contract is ambiguous is a matter of law. *Arkansas Burial Assoc. v. Dixon Funeral Home, Inc.*, 25 Ark. App. 18, 751

S.W.2d 356 (1988). The quoted provisions of the employment agreement are not ambiguous; therefore, resort to rules of construction or to Stevens's subjective interpretation of the employment agreement is not necessary.

Odom argues that the trial court's award of punitive damages was not proper, because the trial court did not award compensatory damages under the Arkansas Civil Rights Act. The trial court's Amended Findings of Fact and Law state:

> Under ACA 16-123-101 . . . Stevens is entitled to compensatory damages in the sum of the total salary and all perks of the contract between the parties. However, the Court interprets the contract to the figure of one's salary regardless of the reason for termination. The amount awarded under ACA 16-123-107 is the same amount awarded under the contract action. [Stevens] cannot collect both amounts.
>
> . . .
>
> Plaintiff is entitled to punitive damages, attorney fees and costs for violation of ACA 16-123-101 et seq.

Thus, the trial court awarded compensatory damages under alternative theories: breach of contract and Stevens's Arkansas Civil Rights Act retaliation claim.

■ Because the trial court did award compensatory damages under the Arkansas Civil Rights Act, its award of punitive damages on that same cause of action was proper. Punitive damages would be improper in the absence of an award of compensatory damages for the underlying cause of action. *See Bell v. McManus*, 294 Ark. 275, 742 S.W.2d 559 (1988). Here, there is an award for damages on the underlying cause of action; compensatory damages were awarded under the Arkansas Civil Rights Act. Thus, punitive damages on that same cause of action are proper.

■ It is of no significance that the trial court awarded compensatory damages on alternative theories. We read the trial court's Amended Findings of Fact and Law as actually awarding compensatory damages under the Arkansas Civil Rights Act; it goes on to prohibit a "double recovery" of the same sum. Since

compensatory damages were awarded for retaliation, an award of punitives for that same reason is proper. *See Bell, supra.*

The trial court awarded punitive damages under Ark. Code Ann. § 16-123-107(c). Odom argues that there was no proof as to the number of its employees, which is necessary to calculate punitive damages under § 16-123-107(c). Therefore, Odom argues that the award of punitive damages was in error.

Stevens's claim for retaliation was based on Ark. Code Ann. § 16-123-108(a).[1] *See* Theresa M. Beiner, *An Overview of the Arkansas Civil Rights Act of 1993,* 50 Ark. L. Rev. 165, 191 (1997). If a cause of action for retaliation is proven, § 16-123-108(c) provides that the "remedies and procedures available in § 16-123-107(b) shall be available . . . ." *See* Beiner, *supra,* at 195. Section 16-123-107(b) allows a recovery of "compensatory and punitive damages, and, in the discretion of the court, [recovery of] the cost of litigation and a reasonable attorney's fee." Section 16-123-107(c) is not applicable.

Although the trial court incorrectly applied 16-123-107(c), instead of 16-123-107(b), the award of punitive damages should still be sustained. "It has long been the rule in Arkansas that a trial judge's decision will not be reversed if he reached the right result, even though he gave an erroneous reason." *Moose v. Gregory,* 267 Ark. 86, 90-91, 590 S.W.2d 662, 665 (1979). Here, the trial court had the authority under § 16-123-107(b) to award punitive damages; Odom does not contend that punitive damages were not justified at all. Therefore, we affirm the trial judge's award of punitive damages. This result renders Odom's argument concerning proof of its number of employees irrelevant on appeal, since § 16-123-107(b) does not require this proof.

Affirmed.

STROUD and ROAF, JJ., agree.

---

[1] We note that Stevens was fired in 1994, but the General Assembly did not enact a statutory cause of action for retaliation until 1995. *See* § 16-123-108 (originally enacted as Act 480 of 1995). This point was not raised below. Because we do not think this point raises a question of subject matter jurisdiction, it will not be considered here. *See Leinen v. Arkansas Dep't of Human Serv.,* 47 Ark. App. 156, 886 S.W.2d 895 (1994); *Banning v. State,* 22 Ark. App. 144, 737 S.W.2d 167 (1987).