BROWN *v.* BOARD OF COMMISSIONERS OF PAVING DISTRICT No. 3.

Opinion delivered October 20, 1924.

1. MUNICIPAL CORPORATIONS—SINGLENESS OF IMPROVEMENT.—Paving does not necessarily include curbing and guttering, as they are not convertible terms, and do not necessarily include each other, so as to constitute a "single improvement," under Crawford & Moses' Dig., § 5666, but distinct districts may be created for each, covering the same territory.

2. MUNICIPAL CORPORATIONS—CONCLUSIVENESS OF COUNCIL'S FINDING.—The determination of a city council as to the singleness and unity of an improvement project, as well as the selection of the property to be benefited thereby, is conclusive, except for fraud or demonstrable mistake.

3. MUNICIPAL CORPORATIONS—LIMIT OF COST OF IMPROVEMENT— INCLUSION OF COURTHOUSE.—In determining whether the cost of a proposed improvement exceeded the limit allowed by Crawford & Moses' Dig., § 5666, the commissioners of the district properly included the value of the county courthouse and grounds.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

*Starbird & Starbird,* for appellants.

The plea of *res judicata* can only be available against one who was either a party or a privy to a party in the action pleaded. 96 Ark. 451; 105 Ark. 86. The organi-

zation of two districts to construct a single improvement is illegal and void, regardless of the cost of the improvement. 123 Ark. 467. The commissioners erred in including the value of the courthouse and grounds in their assessment. 88 Ark. 406; 141 Ark. 186; 123 Ark. 467. Public property, not being assessable, should be excluded in determining the value of the real property in an improvement district. 69 Ark. 69.

*E. L. Matlock,* for appellees.

When one or more of the taxpayers in a municipal improvement district, similarly situated, brings a suit attacking the legality of the formation of the district or its legal existence, or taxes and assessments levied by it, such suit is essentially a suit for all the property owners and taxpayers in the district. A judgment against a county or its legal representatives, in a matter of general interest to all its citizens, is binding upon the latter, though they are not parties to the suit. Freeman on Judgments, 3rd ed., § 178. Where a citizen and taxpayer brings an action in behalf of himself and other taxpayers against a municipality every citizen is regarded as a party to the proceedings, and bound by the judgment rendered. 15 R. C. L. § 510; 107 Pac. 163; 28 Kan. 289; 26 Kan. 658; 123 Ill. 122; 13 N. E. 161; 13 S. C. 290; 35 Conn. 526; 16 How. 303; 14 L. ed. 942; 13 Wash. 141; 42 Pac. 541; 34 W. Va. 730; 12 S. E. 859; 133 N. Y. 187; 30 N. E. 965; 31 N. E. 334; 60 Vt. 1; 12 Atl. 224; 57 Ohio St. 132; 48 N. E. 667. A former judgment is evidence of nothing in a suit between strangers to the record, except the rendition of the judgment. 96 Ark. 451; 105 Ark. 86. The findings of the city council that a majority in value signed the petition is final and conclusive. 131 Ark. 28; 132 Ark. 511; 131 Ark. 429.

HART, J. This appeal involves the correctness of a decree of the chancery court in which the complaint of certain landowners attacking the organization of municipal improvement districts and seeking to restrain the commissioners from constructing the improvements was dismissed for want of equity.

On the 31st day of May, 1923, appellants brought this suit in the chancery court against appellees to restrain them from proceeding further in the construction of two local improvements.

Appellants allege that they are owners of real property within the limits of each of the improvement districts, and that appellees are the commissioners of both districts.

The complaint alleges that two improvement districts were formed in the city of Van Buren having the same commissioners, assessors, and engineers; that one of said districts was organized for the purpose of building pavements upon and along certain streets in the city of Van Buren, and that the other district was organized for the purpose of building curbs and gutters along the same streets; that the districts have the same boundaries and were organized at the same time, and therefore constitute a single improvement.

The complaint also alleges that the cost of the improvement in one of the districts amounts to more than twenty per centum of the assessed value of the property therein.

It appears from the record that other owners of real property in the districts brought suit in the chancery court against the commissioners of the districts to enjoin them from proceeding further with the construction of the proposed improvements. One ground of attack was that the commissioners assessed and levied a tax of more than twenty per centum of the value of the real property of the districts according to the last county assessment. Another ground of attack was that the improvements constitute in fact a single improvement, the cost of which exceeds twenty per centum of the value of the real estate of the district. The chancery court dismissed these suits for want of equity, and an appeal was taken to this court. The decree was reversed because the cost of the improvement exceeded the twenty per cent. limit provided by statute, and the court also held that the assessments were void because they were not made upon a proper

basis. In that case, as well as in the instant case, it was contended that the fact that the districts were organized at the same time, and that one was for paving and the other for curbing and guttering the same streets, showed as a matter of law that but a single improvement was intended. The court, following the case of *Bottrell* v. *Hollipeter,* 135 Ark. 315, held that, while the power to pave may include the cost of curbing and guttering, yet they are not convertible terms, and do not necessarily include each other so as to constitute a single improvement. *Meyer* v. *Board of Improvement of Paving District No. 3,* 148 Ark. 623.

In *Cooper* v. *Hogan,* 163 Ark. 312, this court held that the determination of a city council in including property in an improvement district as to the singleness and unity of the improvement project, as well as the selection of the property to be benefited thereby, is conclusive except for fraud or demonstrable mistake.

Precisely the same issue on this point is raised in the present case as was raised in the cases just referred to, and these cases, being against the contention of counsel for appellants in the present case, necessarily preclude them from a recovery herein.

The other ground of attack upon the district is that the cost of one of the proposed improvements will be greater than the twenty per cent. limit of the assessed value of the  property provided by statute.

The commissioners, in determining whether the cost of the improvement was greater than the limit prescribed by statute, included the value of the county courthouse and grounds as shown by the last county assessment. If the value of the courthouse as placed upon the assessment book by the county assessor should be included, the cost will not exceed the limit prescribed by statute. If the value of the courthouse as fixed by the assessor and placed upon the assessment book should not be included in making the estimate, the cost will exceed the limit prescribed by statute.

Section 5666 of Crawford & Moses' Digest provides, among other things, that no single improvement shall be undertaken which alone will exceed in cost twenty per centum of the value of the real property in such district as shown by the last county assessment.

Section 9935 provides that the assessor, at the time of making the assessment of real property subject to taxation, shall enter in a separate list pertinent descriptions of all burying grounds, public schoolhouses, houses used exclusively for public worship, and institutions of purely public charity, and public buildings and property used exclusively for any public purpose, with the lot or tract of land on which said house or institution or public building is situated, and which are by law exempt from taxation, and the value thereof.

Thus it will be seen that the assessor is required to list all public buildings and to fix their value.   There is no restriction in the Constitution as to the cost of the improvement, except that it shall not exceed the amount of the assessment of benefits.   Therefore the Legislature had the power to provide that the cost of a single improvement should be twenty per centum of the value of the real property in the district as shown by the last county assessment.   It also had the right to provide that the value of public buildings should be shown on the county assessment book.   It follows that the value of the public buildings as shown by the last county assessment would be necessarily included in making the total value of the property shown by such assessment.

This rule was recognized in the *City of Malvern* v. *Nunn,* 127 Ark. 418.   In this connection it may be stated that the Legislature of 1921 amended § 5666 of Crawford & Moses' Digest by taking away the twenty per centum limit as above set forth.   General Acts of 1921, p. 416.

The improvement districts in the present case were organized before the passage of the act of 1921, just referred to, and the law as it stood before the passage of

the act must govern. Hence what we have said above disposes of the case; but, if it should be held that the act of 1921 applied, the result would be the same.

Therefore the decree will be affirmed.