SELZ v. McGEHEE EAST AND WEST HIGHWAY DISTRICT.

Opinion delivered June 14, 1926.

1. HIGHWAYS—ZONAL ASSESSMENTS.—Zoning of rural lands for road assessments does not invalidate the assessments, in the absence of proof that it is arbitrary, discriminatory or confiscatory.

2. HIGHWAYS—PERCENTAGE ASSESSMENTS.—Assessment of town lots in a road district at 20 per cent. of the assessed value for State and county taxes is not invalid, in the absence of proof that it is arbitrary, discriminatory or confiscatory.

3. HIGHWAYS—VALIDITY OF ASSESSMENTS.—Assessments by a road district held not arbitrary or discriminatory on its face where

the zone system was adopted as the basis for assessing rural
lands and the percentage basis for assessing town property.

Appeal from Desha Chancery Court; *E. C. Hammock*, Chancellor; affirmed.

### STATEMENT BY THE COURT.

This is a suit by a landowner in a road improvement district to restrain the commissioners from proceeding with the work of the improvement, and to declare void the assessment of benefits made by them as being arbitrary and discriminatory.

The McGehee East & West Highway District was created by a special act of the General Assembly in 1923, and the validity of the act was upheld in *Rayder* v. *McGehee E. & W. Highway Dist.*, 161 Ark. 269.

The Legislature of 1925 provided for a reassessment of the benefits of the lands in the district, and Joe Selz, a landowner in the district, brought this suit in equity against the district and the commissioners thereof to set aside the assessment of benefits as being void.

It is alleged that the assessment of benefits is discriminatory, arbitrary, and confiscatory. In making the assessment the commissioners divided the rural lands in the district into three zones. All the benefits were assessed against all lands in zone one at $2 per acre; in zone two at $1.50 per acre, and in zone three at $1 per acre. The benefits of the town property situated in the district were assessed at twenty per cent. of their last assessed valuation for general taxation. The chancellor found the issues in favor of the highway district and the commissioners thereof, and that the assessment of benefits was in all thing regular, as required by the statute.

It was therefore decreed that the complaint of the plaintiff, Joe Selz, be dismissed for want of equity, and to reverse that decree the plaintiff has prosecuted this appeal.

*P. S. Seamans*, for appellant.

*I. N. Moore*, for appellee.

HART, J., (after stating the facts). The reassessment of benefits attacked in this case was made by the commissioners pursuant to an act amending §§ 2 and 10 of the original act creating the highway district. Acts of 1925, p. 543.

Section 2 of the act of 1925 reads as follows:

"Section 2.    That § 10 be amended to read as follows:

" 'Section 10.    The commissioners may annually order a reassessment of the benefits; and, in that event, such reassessment shall be filed, advertised, and equalized as in the case of the first assessment; provided, the commissioners, both in making original assessment and any reassessment, shall take into consideration the assessed value of the property within said district, as shown on the assessment books, for State and county taxes, and also the income of said property, and the income derived from said property, to be ascertained by the commissioners by such method as they may deem advisable; but, if the district has borrowed money or incurred indebtedness, the total amount of the assessment of benefits shall never be diminished.'

"Whereas, it is found that the commissioners have heretofore made an assessment which is inequitable, unjust and unfair, the commissioners are directed as soon as practical to proceed to make an assessment as provided for in the original act, and as amended herein."

It will be noted that it is provided that the commissioners, in making the reassessment, shall take into consideration the assessed value of the property within the district, as shown by the assessment books for State and county taxes, and also the income of the property, which is to be ascertained in such method as the commissioners may deem advisable.

It is contended that the rural lands in the district could not be divided into zones for the purpose of assessing the benefits in compliance with the provisions of the statute just referred to, without the assessment of bene-

fits being made in an arbitrary and discriminatory manner.

Now, the words of the statute add no duty to the commissioners. All the matters provided in the amendment were proper elements to be considered by the commissioners in making the original assessment. That is to say, in arriving at the amount of benefits against each tract of land, the commissioners might take into consideration its assessed value and the income from it, as well as other facts and circumstances which would tend to shed light on the amount of benefits to be assessed against the land. This court has expressly held that the adoption of the zone system in assessing benefits in a road improvement district for the construction of roads does not render the assessment invalid, unless it is shown in a direct attack that it is excessive or discriminatory. *Road Imp. Dists. 1, 2, 3* v. *Crary,* 151 Ark. 484, and *Ford* v. *Plum Bayou Road Imp. Dist.,* 162 Ark. 475.

There is no proof whatever in the record tending to show that the act of the commissioners in laying off the rural lands into three zones for the purpose of assessing the benefits was arbitrary or discriminatory, or that it amounted to a confiscation of the lands of the district.

Again, it is insisted that the assessment is arbitrary and discriminatory because the rural lands were divided into zones for the purpose of assessing benefits, and that the benefits to the lots within the incorporated towns in the district were assessed at twenty per cent. of their value according to the last assessment for State and county taxes. There is no proof in the record tending to show that this method of assessing the benefits on town lots was arbitrary or confiscatory. For aught that appears to the contrary in the record, this may have been the fairest way of arriving at the amount of benefits to be assessed against such town lots. See *Watson* v. *Boydstun,* 141 Ark. 184.

Again, it is insisted that the assessment of benefits is arbitrary and discriminatory because the zone system

was adopted as a basis to govern in assessing benefits against the rural lands and a percentage of the assessed valuation as a basis for assessing the benefits to town property. No proof appears in the record to show that this made the action of the commissioners arbitrary or discriminatory, and it cannot be said that this method of assessing the benefits to the property shows on its face that the assessment is arbitrary or discriminatory.

In *Bulloch* v. *Dermott-Collins Road Imp. Dist.*, 155 Ark. 176, it was held that the classification of the property within a road improvement district for the assessment of benefits is not discriminatory against the various property owners in that the commissioners adopted an acreage basis for rural property, a valuation basis for city property, and a mileage basis for railroads, telegraphs, and telephones.

It follows that the decree of the chancery court was correct, and it will therefore be affirmed.