Paving Districts Nos. 2 and 3 of Blytheville *v.* Baker.

## Opinion delivered June 28, 1926.

1. Municipal corporations—assessment in improvement district—collateral attack.—An action to restrain the enforcement of special assessments in improvement districts after expiration of 30 days from the passage and publication of an ordinance is a collateral attack on the assessment, which can be set aside only when obviously and demonstrably erroneous on its face.

2. Municipal corporations—effect of including lands in improvement district.—The inclusion of lands in a municipal improvement district by a city council in organizing the district raises no presumption that the lands included are benefited, as the council has no authority to determine the benefits, that being the function of the board of assessors.

3. Municipal corporations—improvement district—authority of assessors.—Crawford & Moses' Dig., § 5658, authorizing the board of assessors in an improvement district to assess the value of the benefit to accrue to each tract of land in the district, carries by implication the authority to determine whether any benefits will accrue to any particular tract, and, if so, to what extent.

4. Municipal corporations — improvement district — omissions from assessment.—The fact that property within a paving improvement district is omitted from the assessment does not, regardless of the situation of the property or its extent in comparison with the whole area embraced in the district, demonstrate a mistake rendering the assessment void.

5. Municipal corporations—improvement districts—omissions from assessment.—The fact that maps of a paving improvement district show that lots similarly situated to those assessed are omitted from the assessment list does not necessarily demonstrate erroneous omissions invalidating the assessment, especially where it appears that a portion of the proposed improvement contiguous to the omitted lands was made by another improvement district.

6. Municipal corporations—improvement districts—omissions of lots—presumption.—The omission of lots within an improvement district from the assessment list raises the presumption that the omitted lots were found not to be benefited.

7. Municipal corporations—improvement districts—validity.—Failure of a municipal improvement district to construct part of the improvement in territory overlapping a rural district does not affect the validity of the district, where the construction of the improvement by the rural district benefited owners of the property in the district.

8. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—REVISION OF
ASSESSMENTS.—Revision of the assessments in an improvement
district is a statutory duty, under Crawford & Moses' Dig., § 5664,
and not one which may be the subject of contract between the
commissioners and owners of the property, and hence no claim
can be made on a contract to reassess benefits.

Appeal from Mississippi Chancery Court, Chicka-
sawba District; *J. M. Futrell,* Chancellor; reversed.

*Frank C. Douglas* and *Rose, Hemingway, Cantrell &
Loughborough,* for appellant.

*Nelson & Crawford,* for appellee.

McCULLOCH, C. J. This litigation involves the
validity of the assessment of benefits in two street
improvement districts in the city of Blytheville, and it
also involves, to some extent, the validity of the organiza-
tion of one of the districts. Both of the districts were
organized under general statutes by ordinances of the
city council in the year 1923. There was an assessment of
benefits in each district, money was borrowed, bonds
issued, and the several improvements were completed,
with the exception of a portion of one of the streets,
which will be referred to later in this opinion. Appel-
lees are owners of property in each of the districts, and
they instituted this action against the commissioners to
restrain them from enforcing the special taxes. On a
final hearing of the cause the chancery court decided
that the assessments of benefits were void except as
against the bondholders, and the court ordered a reas-
sessment.

The principal attack on the validity of the assess-
ments is that a large area in the district was entirely
omitted from the assessment list—that no benefits were
assessed against the lots and blocks in this area, and that
this rendered the assessment on its face discriminatory
and void. This action was brought long after the
expiration of thirty days from the passage and publica-
tion of the ordinance levying the special taxes on the
assessed benefits, hence it is a collateral attack on the
validity of the assessments, and not a direct attack. In

that kind of an attack the court can only set aside the assessment list when it appears on its face to be obviously and demonstrably erroneous. *Board of Improvement* v. *Pollard*, 98 Ark. 543; *Gannaway* v. *Street Improvement District*, 164 Ark. 407.

It is contended that the inclusion of lands in a municipal improvement district by the city council in organizing the district raises a conclusive presumption that such lands are benefited to some extent, and that a failure of the assessors to estimate any benefit makes the assessment void on its face. Counsel rely upon the decision of this court in *Little Rock* v. *Katzenstein*, 52 Ark. 107, and later cases following it, where it was held that the action of a city council in including property in a district is "conclusive of the fact that it is adjoining the locality to be affected, except when attacked for fraud or demonstrable mistake." Counsel are mistaken in their estimate of the effect of those decisions, for the act of the city council in including property does not raise a conclusive presumption of actual benefits. It is merely conclusive of the validity of the action of the council in determining that the lands adjoin the district and may be benefited. The policy of our statute on this subject is to leave the question of benefits to an actual estimate or ascertainment by a board appointed for that purpose after the creation of a district. The city council is not authorized, under our statute, to determine the extent of the benefits, but it is authorized merely to create the district, and this necessarily implies the power to ascertain what property adjoins the district and may be benefited. The statute (Crawford & Moses' Digest, § 5658) provides that the board of assessors "shall assess the value of the benefit to accrue to each" of the units of real property in the district. The statute does provide for an actual estimate, not a theoretical one or one based upon the presumption arising from the inclusion of property in the district. The authority conferred by the statute upon the assessors to estimate the benefits necessarily carries by implication the authority to deter-

mine whether or not any benefits at all will accrue to a given unit of property, and, if so, to what extent. The fact that property is omitted from the assessment does not, regardless of the situation of the property or its extent in comparison with the whole area embraced in the district, demonstrate a mistake which renders the assessment void. It is not made to appear that there are any demonstrable errors in the assessment. It is not shown on the face of the assessment list that intervening property abutting on any portion of the improvement is omitted whilst other property farther removed is included in the assessment of benefits so as to bring the case within our decision in *Heinemann* v. *Sweatt,* 130 Ark. 70, and like cases.

It is true that the maps of the districts and the assessment lists show that lots or tracts similarly situated, apparently, to those assessed are omitted, but that does not necessarily demonstrate erroneous omissions. There may have been reasons, not apparent from a mere inspection of the lists and maps, why the omitted lots were not in fact benefited. This is a collateral attack on the validity of the assessments, and we can look only to the face of the papers to discover whether or not there is demonstrable error in the assessments. *House* v. *Road Improvement District,* 158 Ark. 357. One of the extensive areas omitted from the assessment list was property abutting on a portion of one of the improved streets where the improvement was constructed, not at the expense of this district, but by a certain rural improvement district, which extended into the city of Blytheville and overlapped the territory of these two districts. It appears from the record in this case that a portion of Chickasawba Street, which was embraced in the rural improvement district, was improved through that agency, and not at the cost of either of these improvement districts. The evidence shows that the Board of Improvement of District No. 2 permitted the rural improvement district, under special agreement, to improve that portion of Chickasawba

Street which was embraced in the rural district. The fact that that part of the improvement was not made by the municipal district involved in this litigation, but at the expense of another district, doubtless formed the basis of the judgment of the board of assessors in failing to assess the property abutting on or contiguous to that portion of Chickasawba Street. At least we cannot say that the omission of that property was obviously and demonstrably erroneous, so as to render the whole assessment list void.

Again, it is contended that the assessment is void because certain lots shown on the maps as being within the boundaries of the districts were entirely omitted from the assessment lists. Counsel rely on the decision of this court in *Capps* v. *Judsonia & Steprock Road Imp. Dist.*, 154 Ark. 46, but that case does not bear out the contention. That case was not one where property was omitted from the assessment list, but the point involved was whether or not the failure of the assessors to complete the assessment before the list was filed and notice thereof published rendered the assessment invalid. The statute creating this district (act No. 8, Extraordinary Session of 1920, § 7) requires only the assessed property to be listed, and the omission of lots from the list raises the presumption on collateral attack that the omitted property was found by the assessors not to be benefited. The omission therefore does not invalidate the assessment. Under the provisions of the statute, owners of property were given an opportunity to challenge the correctness of the assessments, but there were no timely protests, and it is too late now to attack the assessments except for errors demonstrable on the face of the lists and maps.

Counsel for appellees call our attention to act No 20, enacted at the extraordinary session of the General Assembly in 1923, providing that "no road improvement district within this State shall in any way affect the validity of any municipal improvement which was organized for the purpose of paving streets over which

any road improvement district may pass." Counsel argue that the effect of this statute is to withdraw the authority of a road improvement district over the territory embraced in a municipal district, and that the integrity of the municipal district is destroyed by a failure to proceed with that part of the improvement. Counsel rely on our decision in *Moore* v. *Improvement District,* 161 Ark. 323. That case involved a controversy between the owners of property and a municipal district in which the authority of the latter to construct the improvement which was previously embraced in the rural district was challenged. When the litigation arose, and when our decision was rendered, that particular part of the improvement had not been constructed by either of the two agencies, and the question involved in the case related to the authority of the improvement district to construct the improvement, and we held that the statute withdrew the authority of the rural district and authorized the municipal district to make the improvement. In the present case the question raised is whether or not the validity of the municipal district organization or the assessments thereunder are affected by a failure of the district to construct this part of the improvement. We think that the failure of the municipal district to make this part of the improvement does not affect its validity, for the construction of the improvement in accordance with the plans formed by the municipal district resulted in benefit to the owners of property in the district. We are not called on in this case to review any question of assessment of benefits in the rural district, assuming that all property adjoining the locality was included in the district and that benefits were assessed. This situation, however, confirms the correctness of our views, already expressed, that, the attack on the assessment being collateral, we can discover no demonstrable mistake, and the assessment must therefore stand.

The decree of the chancery court is also defended by counsel for appellees on the ground that there was a previous action instituted by appellees and other prop-

erty owners against the district, which was dismissed on the express agreement with the commissioners that the percentage of the annual installments of taxes should be lowered and that there should be a reassessment of benefits, which agreement was not carried out by the commissioners. The statute (Crawford & Moses' Digest, § 5664) provides for revision or readjustment of assessments by the commissioners of a district, but this is a statutory duty and not one which may be the subject of a contract between the commissioners and the owners of property. If the property owners are entitled to compel a revision or adjustment, it must be a right conferred by the statute, and not by contract entered into with the commissioners.

We have reached the conclusion that the chancery court erred in declaring the list of assessments to be void and ordering a new assessment, and the decree is therefore reversed, and the cause remanded with directions to dismiss the complaint for want of equity.