## PORTIS *v.* BALLARD.

### Opinion delivered December 19, 1927.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT — COLLATERAL ATTACK ON PROCEEDINGS.—Where a property owner delays until after the period of time prescribed by statute for a direct attack on the action of the city council in establishing a water or sewer district and on the assessment of benefits to the real property situated therein, a suit by the property owner to review the proceedings of the council establishing the district or the report of assessors in assessing the benefits to the real property within the district is a collateral attack, and such proceedings can only be set aside when they appear on their face to be demonstrably erroneous.

2. CONSTITUTIONAL LAW—DUE PROCESS.—The opportunity given to owners against whose property assessments in an improvement district have been levied to attack such assessments within the time fixed by law is due process.

3. MUNICIPAL CORPORATIONS—ASSESSMENTS FOR IMPROVEMENTS—COLLATERAL ATTACK.—Where property owners attack collaterally the proceedings creating improvement districts or the proceedings for levying assessments therefor, extraneous testimony, such as that of engineers, tending to prove that certain portions of the territory embraced in the district could not be benefited by the contemplated improvements, is not admissible.

4. MUNICIPAL CORPORATIONS—ASSESSMENTS IN IMPROVEMENT DISTRICT—COLLATERAL ATTACK.—Cross-complaints of property owners, when sued for the collection of assessments in improvement districts, alleging that such assessments were void, because the property embraced within the districts could not be benefited by

the improvement, *held* a collateral attack on the validity of the organization of the district.

5. MUNICIPAL CORPORATIONS—IMPROVEMENT ASSESSMENTS—DEMON-STRABLE MISTAKE.—In actions by the commissioners of water and sewer districts to collect assessments levied against property, wherein the defendants filed cross-complaints attempting to show that the formation of such districts and the assessments levied were void, in that lands of defendants were not, and could not be, benefited by including same in the districts, the fact that a river ran through the town, and separated certain portions of the lands embraced in the district, and that certain of the lands were farming territory, *held* insufficient to show a demonstrable mistake in assessing benefits on the property in controversy.

Appeal from Poinsett Chancery Court; *J. M. Futrell,* Chancellor; reversed in part.

*John S. Mosby,* for appellant.

*J. Brinkerhoff,* for appellee.

*Cooley, Adams & Fuhr, amici curiae,* for appellants.

WOOD, J. Separate actions were instituted in the chancery court of Poinsett County by the commissioners of Water District No. 1 and Sewer District No. 2 of the town of Lepanto against W. B. Ballard and others, appellees, for the collection of alleged delinquent improvement district taxes, penalty and costs, and praying that liens be declared on the real property in the district and that same be subject to the payment of the delinquent taxes and penalties. The lands alleged to be delinquent were described and the amount of the assessments thereon set forth in a list which was attached as an exhibit to the complaint. There was an answer in each of the actions by property owners of the district, denying all the material allegations of the complaints, and raising the only issue involved here, to-wit, that the lands upon which the benefits were assessed and upon which liens are sought were not benefited and could not be benefited by the improvements because they were not connected with the present improvements, and it was not contemplated that they would be connected, and that the assessments sought to be collected by this action were therefore void.

The causes were, by consent, consolidated and heard by the chancellor. The court heard the consolidated

cause upon the pleadings, exhibits, depositions of wit-
nesses, stipulation of counsel, and the maps of the
improvement districts, from all of which the court found
as follows:

That a certain tract of land belonging to the Union
& Planters'' Bank & Trust Company, lying east of Lit-
tle River and east of J. R. Hirschman's 4th Addition,
containing about forty-two acres, and part of another
tract lying east of Little River and west of the town of
Lepanto, containing twenty acres, received no benefit
whatever from the construction of the water and sewer
improvements, and canceled the assessments on these
tracts. The court further found that certain lots belong-
ing to the Union & Planters' Bank and Trust Company in
J. R. Hirschman's 4th Addition and certain lots and
blocks in J. R. Hirschman's 3rd Addition, and also cer-
tain lots and blocks belonging to J. R. Hirschman and
Wilna Hirschman in J. R. Hirschman's 4th Addition to
the town of Lepanto, all of which are described in the
decree, had received no benefit from the sewer improve-
ment district, and canceled and set aside the assessment
for such sewer improvement district. But the court fur-
ther found that this same property had received bene-
fits from the water improvement district, and that the
assessment for the water improvement district should
be sustained. The court entered a decree according to its
findings, permanently enjoining the collection of the
assessments on the acreage property for both the water
and sewer improvements and enjoining the collection of
the assessments on the other property, that is, the prop-
erty consisting of the lots and blocks in the town of
Lepanto, for the sewer improvement, but declaring a
lien and ordering the assessments paid on the lots and
blocks in the town of Lepanto for the water improvement.
This appeal by the districts and their commissioners
challenges the court's decree canceling the assessments
and denying the collection on the acreage property for
both the water and sewer improvements, and also the
decree canceling the assessments and enjoining the col-

lection thereof on the town lots for the sewer improve-
ments, and the appeal by the appellees challenges the
decree declaring a lien on the town lots for the amount
of the assessment thereon for the water improvement,
and awarding the collection of the assessment for such
improvement.

Every question at issue on these appeals is ruled by
the opinion of this court in the case of *Carney* v. *Walbe,*
*ante* p. 746. In the above case, among other things, we
said:

"Where the property owner delays until after the
period of time prescribed by statute for a direct attack
on the action of the council establishing the district, and
the assessment of benefits to the real property situated
therein, a suit by the property owner to review the pro-
ceedings of a common council establishing the district
or the board of assessors in assessing the benefits to the
real property within the district is a collateral attack,
and such proceedings can only be set aside when they
appear on their face to be demonstrably erroneous."

In this case we reviewed former cases, especially
the cases of *House* v. *Road Improvement District,* 158
Ark. 350, 357, 251 S. W. 12, and *Blytheville* v. *Baker,*
171 Ark. 692, 286 S. W. 945. The effect of our hold-
ing in these cases is that, on collateral attack, what is
meant by a "demonstrable mistake" is such a mis-
take as can be shown only on the face of the record
of the proceedings creating the district or assessing the
benefits. Extraneous testimony, such as that of engi-
neers and others, tending to prove that certain portions
of the territory embraced in the district could not and
would not be benefited by the improvements contem-
plated, is not relevant and competent on collateral attack.
Such testimony is only competent and relevant where a
direct attack is made by property owners affected on
the proceedings creating the districts and laying the
assessments of benefits. The opportunity given property
owners under the law to make such direct attack is due
process; if they let this opportunity pass, they have no

right to call in question the regularity of the proceedings either in creating the districts or laying the assessment of benefits, except where it can be demonstrated by an examination of the record itself creating the districts and laying the assessments that a mistake has been made. Such is the effect of our decisions as shown by the review thereof and the conclusion reached in the case of *Carney* v. *Walbe, supra.* See also *Stiewel* v. *Fencing District No. 6 of Johnson County,* 71 Ark. 17, 70 S. W. 308, 71 S. W. 247; *Board of Improvement* v. *Offenhauser,* 84 Ark. 257, 105 S. W. 265; 25 R. C. L. 592; *Hibben* v. *Smith,* 191 U. S. 310, 24 S. Ct. 88, 48 L. ed. 195.

It would be supererogation to pursue the matter further.

The cross-actions by the defendants in the case at bar are collateral attacks upon the assessments which are sought to be collected by the original complaints herein. It is conceded that all the proceedings were regular under which these districts were created and the benefits assessed, but it is contended by the property owners who are resisting the collection of assessments that these assessments were void because their property was not benefited. If the testimony of the engineers were competent to prove such fact on this collateral attack, we would agree with the learned chancellor that such testimony in this case is sufficient to prove that the property here involved is not benefited. But we have examined the maps and plats showing the territory embraced in the districts and the topography thereof, with reference to the town of Lepanto, and it is impossible to conclude from the face of the record of the proceedings creating the districts and assessing the benefits that the lands on which the assessments are sought to be collected are not benefited by the improvements. Certainly the fact that Little River runs through the town and separates certain portions of the lands embraced in the districts, and that certain of these lands are shown to be acreage or farming territory, is not sufficient to show a demonstrable mistake in the assessment of benefits on the property in

controversy. There is nothing on the face of the record of the proceedings creating the districts and making the assessments from which the court will take judicial notice that there was a demonstrable mistake in making the assessments. As we have already seen, in this collateral attack on the assessments the testimony of engineers is not competent, under our decisions, for the purpose of demonstrating that a mistake was made in the proceedings creating the districts and making the assessments. The time for that has passed.

It follows that the decree of the court annulling the assessment on the acreage property for both water and sewer improvement is erroneous, and the same is reversed, and remanded with directions to dismiss the cross-complaints and to grant the prayer of the original complaint for the collection of the delinquent assessments on the acreage as well as on the town lots and for both the water and sewer improvements. It follows also that so much of the decree as awards the collection of the assessments on the town lots for the water improvement is correct, and it is therefore affirmed.