MUTUAL RELIEF ASSOCIATION *v*. BARTON.

Opinion delivered February 6, 1928.

1. INSURANCE—PAYMENT OF BENEFIT CERTIFICATE.—Where a mutual relief association issued a certificate of membership numbered 683, for $1,000, in which the appellee was named beneficiary, payment being conditioned on the other certificate holders meeting

their assessments, and where, after the holder's death, the association settled the claim with appellee by issuing a check to him in the sum of $500 marked in payment of policy No. 683, a presumption will be indulged that it was in full payment, in the absence of proof to the contrary.

2. INSURANCE—PAYMENT OF BENEFICIAL CERTIFICATE—BURDEN OF PROOF.—In an action against the Mutual Relief Association to recover balance of benefit certificate for $1,000 after receipt of payment of $500 by a check purporting to be in payment thereof, the beneficiary has the burden to show that the check was not intended to be in full payment.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge; reversed.

*John P. Roberts,* for appellant.

*Pole McPhetridge,* for appellee.

McHANEY, J.    The Mutual Relief Association issued a certificate of membership to Mary F. Barton, insuring her life, after the expiration of 78 months, in the sum of $1,000, in which the appellee, Basel H. Barton, was named the beneficiary.    The payment of $1,000, however, was conditioned upon the prompt and due payment, by all the certificate holders in the circle to which she belonged, of any and all assessments that might be made against them. In other words, the company agreed to pay the beneficiary such a sum as might be realized from an assessment of the members of the circle in which the insured member belonged.

The said Mary F. Barton died after the period of 78 months had elapsed from the date of her policy, in good standing, and it is shown that an assessment was made, from which $250 was realized, and, after deducting the expenses of making the assessment, $20, tendered the balance, $230, to the beneficiary, which was refused. Thereafter, on August 15, 1925, the association settled this claim by issuing a check to appellee in the sum of $500, and there was written on the check that it was issued in the payment "For policy 683 Co. B. Insured: Mary F. Barton."    This check was accepted by appellee, and cashed.    He thereafter instituted this suit to recover the remaining $500, which he claimed to be due under the policy, and the jury returned a verdict against

appellant and the sureties on its bond in such sum, from which is this appeal.

We think the check was issued and accepted in full satisfaction of all claims and demands arising under the policy, and that the court should have given the peremptory instruction requested by appellant. There is no substantial evidence in the record tending to show that the payment of $500 was in partial settlement of the amount due on the policy, but, on the contrary, the check shows on its face that it was for policy No. 683 on the life of Mary F. Barton. It does not say that it was in partial payment for policy No. 683, and the presumption must be indulged that it was in full payment thereof, in the absence of proof to the contrary, and the burden was on appellee to show to the contrary.

As heretofore stated, there is no substantial evidence in the record tending to show that appellant promised to pay any additional sum. The judgment will therefore be reversed, and the cause dismissed.