SNODDY v. PAVING IMPROVEMENT DISTRICT No. 4 OF MONTICELLO.

Opinion delivered July 2, 1928.

776

*P. Henry*, for appellant.

*Williamson & Williamson*, for appellee.

Hart, C. J., (after stating the facts). The first ground upon which it is sought to reverse the decree is that the ordinance creating the district embraces more than one improvement. In making this contention, counsel point to the fact that it embraces four separate areas of land disconnected, except that the areas are connected or joined together by streets which have already been paved by the commissioners of Paving District No. 2 of Monticello. Under our former decisions the determination of the city council as to the singleness and unity of the proposed improvement, as well as the selection of the property to be benefited thereby, is conclusive, except for fraud or demonstrable mistake. *Little Rock* v. *Katzenstein*, 52 Ark. 107, 12 S. W. 198; *Cooper* v. *Hogan*, 163 Ark. 312, 260 S. W. 25; and *Paving Districts Nos. 2 and 3 of Blytheville* v. *Baker*, 171 Ark. 692, 286 S. W. 945. Under the holding of these cases, it cannot be said that the action of the city council in grouping together into a single district the improvement of the streets named in the petition for the organization of the district is invalid. In other words, lack of unity in the proposed improvement is not so apparent from the map and the face of the other record in the case as to show a demonstrable mistake, such as to make the organization of the district void. In this connection it may also be stated, while this is a direct attack on the organization of the district, no proof was introduced to show that this is true in point of fact.

While streets and parts of streets which are not immediately and directly connected with each other are embraced in one improvement, yet they are connected together through other paved streets, and this, under the decisions above cited, constitutes them the same improvement. The streets are to be improved with the

same material. The similarity of the improvement proposed to be made and the situation of the property with respect to each street or part of street to be improved make as satisfactory a test as to whether they might all be embraced in one improvement as their actual physical connection with one another. To the same effect see *Fry* v. *Poe*, 175 Ark. 375, 1 S. W. (2d.) 29, and *Portis* v. *Ballard*, 175 Ark. 834, 1 S. W. (2d.) 1; *Brown* v. *Board of Commissioners of Paving Dist. No. 3*, 165 Ark. 585, 265 S. W. 81.

It is next urged that the assessment of benefits is illegal because made in an arbitrary manner. It is alleged that they were made upon a front foot basis. In their answer the defendants "deny that said assessment has been made entirely on a front foot basis, but alleged that, in assessing said benefits, the assessors of said district took into consideration the value, superficial area, frontage, location, improvements on the property, and the relation to business and other centers, and every other factor entering into the benefits to be received by each and every parcel of land in the district, and adopted the system for assessment of all such benefits which they believed to fairly and equitably estimate the benefits to be actually received by each and every lot, block and parcel of land in the district by reason of all the improvements to be made therein."

The plaintiffs demurred to the answer, and, upon their demurrer being overruled, elected to stand upon it, and, in addition, expressly conceded the truth of the allegations of the answer in this respect. In *Lewellyn* v. *Street Improvement Dist.*, 172 Ark. 496, it was said that the fact that the assessment of benefits was made on a front foot basis did not necessarily condemn the assessment, even on a direct attack, for such a basis of assessment might coincide with the actual benefits. In a direct attack the court said that it becomes a question of proof whether or not the assessments are correct, but in a collateral attack the court must indulge the presumption that the assessors considered all the elements

of enhancement of value or detriment which might result from the improvement. The same rule has been expressly declared and followed in the following cases: *Moore* v. *Paving Imp. Dist. 20,* 122 Ark. 326, 183 S. W. 766, 1 Ann. Cas. 1917B, 599; *Ford* v. *Plum Bayou Road Imp. Dist.,* 162 Ark. 475, 258 S. W. 613.

It follows that the decree was correct, and it will be affirmed.