STEVENS *v.* SHULL.

Opinion delivered November 12, 1928.

*Frank S. Quinn*, for appellant.

*J. M. Carter* and *B. E. Carter*, for appellee.

HART, C. J., (after stating the facts). Section 5666 of Crawford & Moses' Digest, providing for the payment and collection of assessments in municipal improvement districts, contains the following:

"Provided, no single improvement shall be undertaken which alone will exceed in cost twenty per centum of the value of the real property in such district as shown by the last county assessment."

The words "last county assessment" were construed by this court in *Board of Improvement* v. *Offenhauser*, 84 Ark. 257, 105 S. W. 265, and in *Watson* v. *Boydstun*, 141 Ark. 184, 216 S. W. 721, to mean the last completed assessment in force, with additions made by the board of equalization, at the time of the passage of the ordinance levying the assessment of benefits. The court said that the statute was a general and continuing one for the organization of improvement districts in cities and towns.

The correctness of this construction of that statute is conceded by counsel for plaintiff, but it is contended that the rule has been changed by act No. 395 of the Acts of the General Assembly of 1921, and by act 184 of the Acts of 1925. See General Acts of 1921, p. 416, and Acts of 1925, p. 548.

Act 184 amends act 395 so as to read as follows:

"The petition for such improvement, signed by a majority in value of the owners of real property in the district, shall specify what percentage of the value of

the real property in the district, as shown by the last county assessment, the said improvement shall not exceed in cost; provided, no single improvement shall be undertaken which alone will exceed in cost fifty per centum of the value of the real property in such district as shown by the last county assessment; but, in determining what shall be fifty per centum of the value of the real property in the district, interest upon borrowed money shall not be computed as a part of the cost. Provided, further, an improvement may be made which does not exceed 100 per cent. of the assessed value determined as above if 75 per cent. of the property owners, in value, in said district petition therefor.''

It will be noted that this section provides that the petition signed by the majority in value of the owners of real property in the district shall specify what percentage of the value of the real property as shown by the last county assessment the improvement shall not exceed in cost. Following this is a proviso that no single improvement shall be undertaken which alone shall exceed in cost fifty per centum of the value of the real property in the district as shown by the last county assessment. Now, the last county assessment, as used in the first part of the section, manifestly means the assessment in force at the time the majority petition is circulated. Hence it is contended . that this county assessment should also govern in determining whether the estimated cost of the improvement will exceed in cost fifty per centum of the value of the real property in the district. We do not agree with counsel in this contention. The use of the words, ''the last county assessment,'' is merely a method of procedure in determining the value of the property at the time specified.

In *Improvement District No. 1 v. St. Louis Southwestern Ry. Co.*, 99 Ark. 508, 139 S. W. 308, in construing the provision of the statute providing that, in ascertaining whether the petition is signed by a majority of the property owners in value, the council shall be concluded by the last county assessment on file, the city

council was concluded by the last county assessment, and could not consider omitted property. The court recognized that it was jurisdictional to obtain the majority in value of the property owners, and that this was in the nature of a condition precedent for the exercise of the power of forming the district by the municipal council. It was held that it was lawful for the Legislature to prescribe a reasonable method of procedure to determine that value. The court said that it was a matter of common knowledge that it was difficult to determine the value of property, and that intelligent individuals frequently differed in estimating its value. It was considered that the use of the last county assessment was a proper and reasonable method of fixing a uniform valuation of all the real property in the improvement district. At that time the last county assessment might have been different when a majority in value of the real property owners was to be determined from the one in force when the assessment of benefits was made and the estimated cost of the improvement was fixed by the council.

We have already seen that the court construed the words, "the last county assessment," as used in reference to the assessment of benefits, to be the one in force at the time the council passed the ordinance levying the assessment to pay for the improvement. We do not think that the present statute changes the rule. If the lawmakers intended to fix, as the basis of the cost of the improvement, the last county assessment existing at the time the petition for the improvement signed by a majority in value of the real property owners of the district should govern, it would have stated that fact in plain terms, and not merely have used the words "as shown by the last county assessment." The act provides that no single improvement shall be undertaken which alone will exceed in cost fifty per centum of the value of the real property in the district as shown by the last county assessment. According to the interpretation of these words,

"the last county assessment" means the assessment in force at the time the acts required to be done are performed. If a different meaning was intended and the meaning now contended for should govern, it would have been very easy to have said that no single improvement shall be undertaken which alone will exceed in cost fifty per centum of the real property in the district as shown by the assessment on file at the time the petition purporting to be signed by a majority in value of the real property owners was filed. In other words, the court having held that the words, "the last county assessment," means the assessment in force at the time the acts required to be done are performed, this construction should govern, unless the Legislature should plainly and unequivocably manifest a contrary intention.

As we have already seen, under the former act, as construed, one county assessment might be used in determining whether a majority in value of the owners of real property in the district had signed the petition for the improvement and another county assessment might be used in determining whether the cost of the improvement exceeded fifty per centum of the value of the real property. This having become a rule of construction, we do not think it should be changed by amending the statute so as to require the majority petition to signify the percentage of the value of the real property which the improvement should or should not exceed in cost.

The undisputed facts show that the estimated cost was less than fifty per centum of the value of the real property in the district as shown by the last assessment in force when the assessment of benefits was made and the estimate of the cost of the improvement filed with the council. Therefore the decree is affirmed.