STEVENS v. SHULL.

Opinion delivered June 17, 1929.

*James D. Shaver* and *Frank S. Quinn,* for appellant.
*J. M. Carter* and *B. E. Carter,* for appellee.

HART, C. J., (after stating the facts). It will be noted from our statement of facts that in each of the above cases the validity of the paving district was attacked by landowners in the district. In the first case the court sustained the validity of the district, and upon appeal to this court no ground for reversal was insisted upon except that the estimated cost of the improvement exceeded fifty per cent. of the value of the real property in the district as prayed for by the landowners, within the meaning of the statute on the subject. *Stevens* v. *Shull,* 178 Ark. 269, 10 S. W. (2d) 511. Under the settled rules of this court this constituted an abandonment of other grounds stated in the complaint.

When the second case was filed, an assessment of benefits had been made in accordance with the holding of

the chancery court in the first case, and this was held by the chancery court to be a proper and valid assessment of benefits. We are of the opinion that the holding of the chancery court on this point was correct. All the members of the board of assessors were present and participated in the new assessment. They were all residents of the improvement district, and were familiar with the location and character of each lot in the district and the nature of the improvements thereon. They had an engineer present, who figured the areas of the lots which the assessors included in the proposed assessment. They had a list of the assessed value of all the property in the district; they considered the fact that some of the lots were already on paved streets; they considered the character and value of the houses in the district; and they considered everything that would affect the assessment of benefits. It was the opinion of the members of the board that each piece of property would be benefited by the amount of the assessment against it; and in making the assessment they considered the value of the property, the front footage, and everything that they thought might affect the benefits to be assessed against each piece of property. They had a map before them, showing the situation and relation of the different pieces of property to each other, and they made an examination of the district in addition. Hence we are of the opinion that the finding of the chancellor, that the assessment appears to have been made in accordance with the principles of law laid down by this court, is not against the weight of the evidence. *Kirst* v. *Street Improvement District No. 120,* 86 Ark. 1, 109 S. W. 526; *Moore* v. *North College Avenue Improvement District No. 1,* 161 Ark. 323, 256 S. W. 70; *Paving Districts Nos. 2 and 3 of Blytheville* v. *Baker,* 171 Ark. 692, 286 S. W. 945; and *Board of Commissioners of Street Improvement District No. 349* v. *Little Rock,* 172 Ark. 549, 289 S. W. 478.

Upon the hearing of the last case filed by the landowners, the chancery court sustained the validity of the

district and also a plea of *res judicata* made by the commissioners. The validity of the improvement district was sustained by the chancery court in the first case, and this operated as a bar to all grounds of attack in subsequent suits which might have been interposed in the first suit. *Howard-Sevier Road Improvement District No. 1* v. *Hunt*, 166 Ark. 62, 265 S. W. 517; and *Tri-County Highway Improvement District* v. *Vincennes Bridge Co.*, 170 Ark. 22, 278 S. W. 627. It does not make any difference that there may have been some different plaintiffs in the various suits. In the two cases last cited it was expressly stated that the remedy in suits of this character is in the interest of a class of individuals of common rights that need protection, and, in the pursuit of a remedy, individuals have the right to represent the class to which they belong. In this connection it may be stated that the present attack made on this district came from different members of the same family. It was also decided in the cases just referred to that the record on appeal in this court may be looked to to see whether the issues in the different cases are substantially the same. An examination of the record in the case of *Stevens* v. *Shull*, 178 Ark. 269, 10 S. W. (2d) 511, will show that the same attack was made upon the validity of the district as was made in the second suit, which was No. 1213.

In the last suit, which is No. 1173, two additional grounds of attack upon the validity of the district were added. But these grounds might have been offered in the first two suits, and for that reason the plea of *res judicata* should be sustained. As pointed out in the cases referred to, if this were not true, litigation would not end until the parties had no more money nor the ingenuity of counsel in suggesting additional grounds in support of the issue had been exhausted. Different landowners could prosecute different suits and make different attacks on the validity of the district, so that it would be practically impossible to make any proposed improvement in a city within a reasonable time. Therefore we

hold that the chancery court properly sustained the plea of *res judicata* in case No. 1173.

Besides this, we do not think that the additional grounds of attack could be sustained on the merits. In the first place, the validity of the district was attacked on the ground that the ordinance creating the district was not properly published. We do not deem it necessary to set out the facts relating to this phase of the case. It is sufficient to say that the same point was raised and was decided adversely to the contention of the appellants in the case of *Drainage District No. 9 of Miller County* v. *Merchants' & Planters' Bank*, 176 Ark. 474, 2 S. W. (2d) 79. The same facts appeared in this case as were proved in that case, and we hold that this case is ruled by that.

Again, it was contended that the ordinance creating the district was not properly passed. It is alleged that one of the aldermen who voted for suspending the rules on the passage of the ordinance creating the district did not reside in the city at the time, and that the rules could not have been suspended without his vote. There is no merit in this attack on the validity of the district. The alderman was at least a *de facto* officer, and, as such, his qualification to serve cannot be inquired into in this suit. *McClendon* v. *State ex rel.*, 129 Ark. 286, 195 S. W. 686, L. R. A. 1917F, 535.

We find no reversible error in the record, and the decree in each case will therefore be affirmed.