The Honorable John Ward, Circuit Judge Sixth Judicial Circuit, Third Division 401 West Markham, Suite 240 Little Rock, Arkansas 72201
Dear Judge Ward:
I am writing in response to your request for an opinion on the qualification of persons to serve as notaries public. You note that the oath form for notaries supplied by the Secretary of State's office has a place at the bottom for the circuit clerk to witness and sign. You ask whether a notary's oath, completed and filed with the Secretary of State in a timely manner, but not witnessed by the circuit clerk, is valid. In other words, your question is whether the "notary commission" is valid, if the recorded oath lacks the signature of the circuit clerk.
RESPONSE
In my opinion the circuit clerk is required by law to endorse the notary's oath on the "commission" of the notary. Failure to do so, however, does not invalidate the actions taken by the notary, as he will be deemed at least an officer "de facto" unless removed from his office in a direct proceeding brought for that purpose.
The relevant statutes governing the qualification of notaries public are found at A.C.A. § 21-14-101 to -113 (Repl. 1996 and Supp. 1999). This subchapter authorizes the Secretary of State to appoint and commission individual persons as notaries public in this state. A.C.A. §21-14-101(a)(1). It requires the submission of an application to the Secretary of State and the filing of a surety bond with the circuit clerk in the notary's county of residence. This subchapter does not contain any requirement as to the oath of office of such persons, however. The requirement of an oath of office derives from the Arkansas Constitution, art. 19, § 20 and A.C.A. § 21-2-105 (Supp. 1999) and § 21-2-106 (Repl. 1996). Article 19, § 20 provides that:
 Senators and Representatives and all judicial and executive, State and county officers, and all other officers, both civil and military, before entering on the duties of their respective offices shall take and subscribe to the following oath of affirmation:" I, ________, do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the office of _______, upon which I am now about to enter.
Notaries public are "officers" within the contemplation of this provision. See generally, Lanier v. Norfleet, 156 Ark. 216, 245 S.W. 498
(1922); State ex rel. Gray v. Hodges, 107 Ark. 272, 154 S.W. 506 (1913); and Sonfield v. Thompson, 42 Ark. 46 (1883).
In addition, § 21-2-105 of the Arkansas Code enumerates the officials before whom certain officers must take their oaths. It outlines the officers eligible to administer the oath to the Governor, the justices of the Supreme Court, circuit judges and certain constitutional officers. The section then states, in subdivision (a)(3), that:
 All other officers, both civil and military, shall take their oaths before the Secretary of State or his official designee, any justice or judge, clerk of the county court, clerk of the circuit court, or justice of the peace.
The immediately succeeding statute in the Arkansas Code is entitled "Endorsement of oath on commission." It provides in the first sentence that: "It shall be the duty of every officer administering the oath of office to any officer of this state to endorse the oath on the commission of the officer." See A.C.A. § 21-2-106 (Repl. 1996).[1]
With regard to notaries public, the Secretary of State provides the necessary forms to comply with these provisions. The instructions for applying to become a notary public include the requirement of filing a surety bond with the circuit clerk as required by A.C.A. § 21-14-101(d). The instructions also refer to a "certification certificate" supplied by the Secretary of State and an "oath form" that the prospective notary is to take and execute in the presence of the circuit clerk.[2] As can be seen from the statutes above, notaries, under A.C.A. § 21-2-105(a)(3), are authorized to take their oaths of office before the clerk of the circuit court. In addition, § 21-2-106 requires the circuit clerk, in that instance, to endorse the oath on the commission of the notary. In my opinion, therefore, a state statute requires the circuit clerk to sign the commission of notaries public.
Your question, however, is whether the commission of the notary is valid without this signature of the circuit clerk. In my opinion, such a commission is defective, but the actions of the notary taken thereunder will be deemed valid as those of an officer "de facto." A very similar issue was addressed in Forrest City Grocer Company v. Catlin, Executor,193 Ark. 148, 97 S.W.2d 910 (1936). In that case, the notary public never executed and filed the bond required by what is now A.C.A. § 21-14-101. A document attested to by this notary was challenged on this basis. The court stated:
 Arnold was at least a de facto notary public. He was in possession of that office, and assumed to act as such. He placed upon the mortgage the impress of his notarial seal, and wrote upon the mortgage the date of the expiration of his commission. . . . Arnold was a notary public de facto, if not de jure.
 Our leading case on the authority of de facto officers, which has since been frequently followed, is that of Pierce v. Edington, 38 Ark. 150. Justice Eakin there said: `Mr. Greenleaf (Ev., § 92, n. 5), describing an officer de facto, says that he is one who exercises an office either by virtue of some appointment or election; or of such acquiescence of the public as will authorize the presumption, at least, of a colorable appointment or election." The cases of Stevens v. Shull, 179 Ark. 766, 19 S.W.2d 1018, 64 A.L.R. 1258, 178 Ark. 269, 10 S.W.2d 511, and McClendon v. State ex rel., 129 Ark. 286, 195 S.W. 686, L.R.A. 1917F, 535, are to the effect that the authority of a de facto officer to act cannot be inquired into in a collateral proceeding.
Id. at 156.
Another case to the same effect is Brown v. Anderson, 210 Ark. 970,198 S.W.2d 188 (1946). In Brown, the actions of a notary public were upheld even though he did not possess a poll tax receipt for the relevant time period. The court held that his actions were valid as those of an officerde facto. The court quoted a portion of Corpus Juris, discussing notariesde facto, as follows:
 "Generally a person acting as a notary under color of authority with public acquiescence is held to be a notary de facto, and as to the public and third persons his acts are valid and cannot be attacked collaterally. The principle that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto, with respect to his official acts, insofar as third persons are concerned has been applied to one who is appointed and acts in good faith as notary, but who is ineligible or disqualified to act as such by reason of alienage, sex, or interest. . . ."
Id. at 977-978 quoting 47 C.J. 506.
In my opinion, therefore, although the commission of the notary you describe is technically defective, the notary's actions will be deemed valid unless and until he is removed from his office in a direct proceeding brought for that purpose.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Each of these statutes contains special provisions for persons serving in the armed forces of the United States. See A.C.A. § 21-1-105
(b) and (c) and A.C.A. § 21-2-106 (second sentence). These special provisions were added in 1945 and do not appear to be implicated by your question.
[2] I assume, under these facts, that the "certification certificate" is the "commission" of the notary. Under a former practice of the Secretary of State's office the "oath," including the space for the signature of the circuit clerk, was contained in a document separate from this "commission." This is the type of separate "oath form" you have enclosed with your request. It is my understanding, however, that under a new practice of the Secretary of State's office, these two concepts (the oath and the commission) are contained in one document.